FILED

JUN 16 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

JURY ACTION

V.

CASE NUMBER 1:05CV01194

JUDGE: John Garrett Penn

John W. Snow
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220

DECK TYPE: Employment Discrimination

DATE STAMP: 06/16/2005

COMPLAINT
CAUSE OF ACTION

1    As plaintiff Maria V. Carmona, I claim that defendant John W. Snow, Secretary of the

2    Treasury, his staff, and his predecessors and their staffs, have committed, and are being allowed

3    to commit, along with other officials of the United States government, a long-term pattern of

4    discrimination, retaliation, disparate treatment, and a hostile/harassing work environment against

5    me in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C.

6    § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended,

7    29 U.S.C. § 621 *et seq.*, based on my national origin (Hispanic); with special consideration given

8    due to my being Cuban-American, having been born in Havana, Cuba; sex (female); age

9    (D.O.B. October 8, 1952); and in reprisal for engaging in prior statutorily protected activity.

1

10  EEOC 29 C.F.R. 1614 provides, in part, that:

11  (a) It is the policy of the Government of the United States to provide equal opportunity
12  in employment for all persons, to prohibit discrimination in employment because
13  of race, color, religion, sex, national origin, age or handicap and to promote the
14  full realization of equal employment opportunity through a continuing affirmative
15  program in each agency.
16  (b) No person shall be subject to retaliation for opposing any practice made unlawful
17  by title VII of the Civil Rights Act (title VII) (42 USC 2000e *et seq.*), the Age
18  Discrimination in Employment Act (ADEA) (29 USC 621 *et seq.*), …or for
19  participating in any stage of administrative or judicial proceedings under those
20  statutes.

21  I also claim that officials of the United States government have exhibited a long-term pattern and
22  practice of conspiring to oppress, threaten, and intimidate me out of my civil right to equal
23  employment opportunity in violation of 18 U.S.C. § 241 (2002) Conspiracy Against Rights,
24  which states:
25  If two or more persons conspire to injure, oppress, threaten, or intimidate any
26  person in any State, Territory, or Commonwealth, Possession, or District in the
27  free exercise or enjoyment of any right or privilege secured to him by the Constitution
28  or laws of the United States, or because of his having so exercised the same....
29  They shall be fined under this title or imprisoned not more than ten years, or both....

30      I wish to state that I am not an attorney, I am proceeding *pro se*, and I have never been
31  represented by an attorney in any of my administrative or legal processes. The basis of
32  jurisdiction for the court is U.S. Government Defendant, as noted on Form JS 44, Civil Cover
33  Sheet. Equal Employment Opportunity Commission (EEOC) Office of Federal Operations
34  (OFO) Director Carlton Hadden, issued a decision, Exhibit A, denying my request for
35  reconsideration and informing me that I have no further right to administrative appeal regarding
36  the five formal administrative EEO complaint cases that are the subjects of my instant civil
37  action. It is my understanding from Hadden's decision that I have exhausted the administrative
38  process, have exhausted any and all administrative remedies, and am free to pursue legal
39  remedies.
40      I am a United States citizen, a Hispanic White Female, Age 52, GS-511-14, who has
41  twenty-one years of consistently highly-rated service with the Treasury Office of Inspector
42  General (OIG). I am in my twenty-ninth year of Federal service. This is the third civil action[1]
43  that I have been forced to file in pursuit of legal remedies due to a long-term pattern of
44  discrimination, retaliation, disparate treatment, and a hostile/harassing work environment and
45  conspiracy committed against me by the Secretary(s) of the Treasury and their management and
46  staff, the Chair(s) of the EEOC and their management and staff, and by other officials of the
47  United States government. Despite my consistently highly-rated performance appraisals, my
48  qualifications, and my proven extensive and varied technical and managerial experience within

---

[1] Since December 1995 I have been forced to file seventeen formal EEO complaints against defendant, and three civil actions, i.e., 01cv0115(CKK), 04cv0589(JGP) which is a currently active case, and the instant case.

49   the Treasury OIG for over twenty years,[2] I have not been permanently promoted beyond the

50   Grade 14. I first joined the Treasury OIG as a Grade 7 auditor (GS-511-07) during March 1983,

51   after attending classes at night and on weekends for several years to obtain a second bachelors

52   degree, this time in business with a major in accounting, and shortly after becoming a Certified

53   Public Accountant (CPA). Prior to joining the Treasury OIG in 1983, I had been working in the

54   Federal government for several years and had risen to a Grade 10 position. It is an indisputable

55   material fact that I have not been permanently promoted beyond the Grade 14 within the

56   Treasury OIG despite my making several best qualified lists, to include, but not limited to, that

57   for a Grade 15 within the Treasury OIG in 1991, for Inspector General at another Federal agency

58   in 1993, and for a senior executive service (SES) position within the Treasury OIG in 2001.

59   Indisputable evidence exists that clearly demonstrates that I was capable of functioning at the

60   Grade 15 managerial level in the Treasury OIG as early as in 1987. Indisputable evidence exists

61   that clearly shows that pretext was used by senior Treasury officials in their explanations

62   as to why I was not promoted to the Grade 15 within the Treasury OIG in 1991. Indisputable

63   evidence exists that the selection panel for the Inspector General position for which I made the

64   best qualified list in 1993 comprised several senior officials, to include a member of the

65   President's Council on Integrity and Efficiency/Executive Council on Integrity and Efficiency

66   (PCIE/ECIE). Indisputable evidence exists that clearly shows that in 1989 the Non-Minority

67   White Male senior management team within the Treasury OIG acknowledged that there was

68   a problem with the way diversity was being handled, and stated that they had taken and

---

[2] Evidence for all of which is part of my official work record since first joining the Treasury OIG in 1983.

69  were taking steps to correct the situation. Indisputable evidence exists that clearly shows that

70  in 1994, five years after the 1989 study, the Non-Minority White Male senior management team

71  within the Treasury OIG again acknowledged that there was a problem with the way diversity

72  was being handled. Indisputable evidence exists that clearly shows that in 1995 my fellow

73  employees elected me to represent them before Treasury OIG management, due to

74  overwhelming concerns the staff had at the time regarding questionable management practices

75  and a severe lack of trust in Treasury OIG management, to include serious concerns regarding

76  what was perceived to be a lack of fair and equitable advancement opportunities. It is clear from

77  my election to represent them in 1995, a position that I did not solicit, that my coworkers viewed

78  me as someone they could trust and as someone who had integrity and a genuine concern for

79  all employees. Evidence of the staff's concerns is documented in a study conducted by the

80  U. S. Office of Personnel Management (OPM) in 1995, at the request, to my understanding, of

81  former, and newly arrived at the time, Inspector General Valerie Lau. I claim evidence clearly

82  shows that the 1995 OPM study surfaced staff concerns that had been building up for several

83  years prior to Inspector General Lau's arrival. It is my understanding that a recent independent

84  external review, for the FY 2001-2003 period, raised numerous management issues, some of

85  which had been raised by two other independent reviews performed by two other Federal

86  agencies, one for the FY 1995-1997 time frame, and the other for the FY 1998-2000 time frame.

87  These long-standing management issues have yet to be addressed. In regards to the OPM study

88  and the independent external reviews, it is clear from the evidence that Treasury OIG

89  management has been perceived and is being perceived by officials at other Federal entities as

90  having exhibited a long-term pattern and practice of questionable management practices coupled
91  with serious staff concerns. I make this point to provide evidence that, in Treasury officials
92  exhibiting a clear and indisputable long-term pattern and practice of denying me numerous
93  merited promotions since at least 1991, Treasury OIG management, and other officials of the
94  United States government, cannot claim that the predominately Non-Minority White
95  management team that was in place and has been in place since I began working at the Treasury
96  OIG in 1983 has in any way been doing an exemplary, or even an acceptable, job. Despite this
97  independently determined poor managerial performance, which I believe evidence shows goes
98  back to several years prior to 1995, Treasury OIG managers have continued to be promoted and,
99  I believe, have continued to receive performance bonuses and other awards. Indisputable
100 evidence exists that shows that, since 1983 when I first joined the Treasury OIG, not only have
101 I been denied several merited promotions to the Grade 15 or SES level, but I also have been
102 denied several opportunities to even compete for promotion. Indisputable evidence exists that
103 clearly shows that the OPM has issued several statements over the past several years regarding
104 concerns over a lack of representation of individuals of Hispanic national origin in the Federal
105 government, most notably in the SES ranks.
106     The *prima facie* case for discrimination is that the Secretary(s) of the Treasury and their
107 management teams, to my knowledge, have never permanently promoted within the Treasury
108 OIG a qualified Hispanic female in the 511 series (my professional series and the core
109 professional auditor series within the Treasury OIG) beyond the Grade 14.

110      The *prima facie* case for retaliation is that officials of the United States government have

111   exhibited a long-term pattern and practice of taking adverse actions against me that clearly

112   demonstrate causal links between the timing of the adverse actions taken and my engaging in

113   statutorily protected activity, some evidence of which is clearly contained in the instant civil

114   action.

115      The *prima facie* case for conspiracy is those comments made, those decisions made, to

116   include those made by officials at the EEOC in consistently finding for defendant, and those

117   actions taken, by officials of the United States government that are evidentiary of a long-term

118   pattern and practice by officials of the United States government of showing clear and unfair

119   favoritism towards the Secretary(s) of the Treasury and their staffs, to my grave and unfair

120   disadvantage.

121      I claim that evidence that I provided on the record in my seventeen formal EEO complaints,

122   in 01cv0115(CKK), in 04cv0589(JGP), and in my instant civil case[3] provides sufficient direct

123   and circumstantial evidence for causal link support for my overarching claim of a long-term

124   pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work

125   environment, and also provides support for my claim of conspiracy being committed by officials

126   of the United States government to deny me my civil right to equal employment opportunity and

127   all damages legally due me.

---

[3] I wish to note that 01cv0115(CKK) represents the eighth, ninth, and tenth; that 04cv0589(JGP) represents the third, fourth, fifth, and sixth; and that the instant civil action represents the twelfth, thirteenth, fourteenth, fifteenth, and sixteenth of the seventeen formal administrative EEO complaints that I have been forced to file to date against the Secretary of the Treasury, and all since December 1995.

128    I submit that it is reasonable for a jury to believe that I, after years of engaging the
129    administrative EEO process with no equitable administrative remedies being proffered by the
130    Secretary of the Treasury, and while the Secretary and his management and staff had committed
131    and continue to commit *prima facie* acts of discrimination and retaliation against me, have
132    exhausted the administrative process and have exhausted administrative remedies prior to filing
133    each of my three civil actions in district court in pursuit of legal remedies.

134    I submit that it is reasonable for a jury to believe that the Secretary of the Treasury and his
135    management and staff have committed, and are being allowed to commit in conspiracy with
136    other officials of the United States government, a long-term pattern of discrimination, retaliation,
137    disparate treatment, and a hostile/harassing work environment against me.[4]

138    I submit that it is reasonable for a jury to believe that officials of the United States
139    government have been, and are, purposefully suppressing evidence favorable to my cases, and
140    may have knowingly and with directed purpose destroyed material evidence that would have
141    favored my administrative EEO cases, by not conducting proper and timely investigations and/or
142    by not conducting proper and timely administrative hearings into all of the claims, issues, and
143    matters that I have raised, especially in light of the overwhelming preponderance of highly-
144    specific, relevant, and pertinent information and documentation that I have placed on the records
145    in all seventeen of my administrative EEO cases and in my three civil actions.

---

[4] Ref. Exhibit B for one example where an EEOC administrative judge went so far as to find that Hispanic is not a National Origin in order to grant summary judgment to the Secretary of the Treasury in my first EEO complaint and engaged in *ex parte* communications with an attorney for defendant while hiding this finding from me.

146      The five formal administrative EEO complaints that comprise the instant civil action all

147      provide evidence of my overarching claim of a long-term pattern of discrimination, retaliation,

148      disparate treatment, and a hostile/harassing work environment.

149      In regards to the instant civil action, my twelfth formal administrative EEO complaint,

150      TD-01-1155, filed on December 18, 2000, addressed, in part, claims, issues, and matters

151      concerning: (1) Assignment of Office Space and Furniture at the ABA Building in a Disparate

152      Manner, (2) Manipulation of Personnel System in Violation of Merit System Principles,

153      (3) Failure to Provide Opportunity for Promotion, (4) Preferential Selection of Non-Minority

154      White Candidates for Senior Management Positions, (5) Failure to Properly Address EEO

155      Concerns, (6) Failure to Provide Requested Management and Other Professional Training,

156      (7) Placement in Non-Pay Status, (8) Failure to Provide Notifications of Personnel Action in a

157      Timely Manner, (9) Failure to Correct Overpayment in a Timely Manner, (10) Failure to Assign

158      Appropriate Staffing, (11) Failure to Properly Present Results of Work, (12) Failure to

159      Implement Hispanic Employment Initiatives, (13) Failure to Address EEO-Related Issues

160      Identified by 1989 Task Force, (14) Failure to Address Other Previously Identified EEO-Related

161      Issues, (15) Inspector General Focus on One Minority Group, (16) Department of the Treasury

162      EEO Training Material Fosters Misconceptions About Hispanics, (17) Failure to Properly

163      Administer EEO Requirements, (18) Breach of Confidentiality, (19) Preferential Treatment of

164      Non-Minority White Employees, (20) Actions that Pit One Minority Group Against Another,

165      and (21) Other Indications of Discrimination, Retaliation, and a Hostile Work Environment.

166       My thirteenth formal administrative EEO complaint, filed on December 12, 2001, which

167       was not assigned a TD number by Treasury and which was filed almost a year later from my

168       twelfth, addressed, in part, claims, issues, and matters regarding my non-selection for promotion[5]

169       to Deputy Assistant Inspector General (DAIG), a Senior Executive Service (SES) position.

170       My fourteenth formal administrative EEO complaint, filed on May 7, 2002, which was not

171       assigned a TD number by Treasury, addressed, in part, claims, issues, and matters regarding

172       my non-selection for promotion to a Grade 15 position, a position that would have reported to

173       the previously mentioned DAIG position, for which I had made the best qualified list but was

174       not selected (ref. my thirteenth formal EEO complaint).

175       My fifteenth formal administrative EEO complaint, filed on July 18, 2002, which was not

176       assigned a TD number by Treasury, addressed, in part, claims, issues, and matters regarding

177       my failure to make the best qualified list for a DAIG position despite the fact that I had made

178       the best qualified list for a DAIG position within the Treasury OIG just a few months earlier

179       (ref. my thirteenth formal EEO complaint).

180       My sixteenth formal EEO complaint, filed on August 21, 2002, which was not assigned

181       a TD number by Treasury officials addressed, in part, claims, issues, and matters regarding other

182       various discriminatory and retaliatory adverse actions taken against me.

---

[5] In each instance where I was not selected for promotion, when the position was filled, the individual selected was not, to my knowledge, a member of my protected group(s), i.e., Hispanic female over the age of 40.

183    And it is clear that the long-term pattern of discrimination, retaliation, disparate treatment,

184    and a hostile/harassing work environment and conspiracy simply continues.[6]

185    In regards to the instant five formal administrative EEO complaint cases, on September 21,

186    1999, and shortly after his confirmation, former Treasury Inspector General Jeffrey Rush Jr., in

187    an open forum for OIG employees attended by me and many others, with reference to employees

188    having concerns about serving suspensions of two weeks without pay, made comments to the

189    effect that *I'm the final word on most of the discipline around here,* so, if something *is clear cut,*

190    *why even come see me?* He went on to say that he knows about the MSPB because he has *been*

191    *there,* that the head of the OSC is "*a friend of mine,*" and that he has been before the District

192    Court. Inspector General Rush then went on to say that when employees file formal actions,

193    such as EEO complaints, it is not just him they are taking on, it is the *entire United States*

194    *Government* they are taking on. It is noted that the Secretary of the Treasury stipulated

195    to Inspector General Rush's comments. (See 01cv0115(CKK), #7, Par. 39-42.) At the time,

196    I found, and still find, Rush's comments to be extremely oppressive, threatening, and

197    intimidating. I also wish to note that during former IG Rush's tenure with the Treasury OIG,

198    I was denied six merited promotions, to include those raised in the instant civil action.

199    In addition to Inspector General Rush's stated attitude towards equal employment

200    opportunity and his style of management, current Deputy Inspector General (DIG) Dennis

---

[6] On March 31, 2005, I was forced again to request assignment of an EEO counselor. Since my request, and after the arrival of a new Inspector General, there have been no offers of informal resolution proffered for this latest failure to promote to the Grade 15. I also wish to note that it was current Deputy Inspector General Dennis Schindel who was acting Inspector General at the time of my non-selection for this merited promotion to the Grade 15.

201  Schindel, prior to Rush's arrival, made comments in an open forum, attended by me and many
202  others, to the effect that he did not know why people kept filing EEO complaints, and that they,
203  the OIG management, were going to do whatever they wanted anyway. It should be noted that it
204  was Schindel who left me no choice but to file my first ever formal EEO complaint in my
205  Federal career in 1995 when, as a Deputy Assistant Inspector General (DAIG), he essentially
206  gave me two options: one, to perform the Grade 7 level tasks that I was being assigned and, two,
207  if I didn't like it, to go through the formal personnel process. I performed these lower-level and
208  lower-graded tasks, a humiliating ordeal for me based on my long-term highly-rated career with
209  the Treasury OIG; my proven broad and varied technical and managerial experience with
210  Treasury OIG; given the organizations and Schindel's long-term personal knowledge of my work
211  ethic and organizational and management skills,[7] and following my having made the best
212  qualified list for a Grade 15 within Treasury OIG in 1991 and making the best qualified list for
213  Inspector General at another Federal agency in 1993.
214      I performed these assigned lower-level and lower-graded tasks to the best of my ability,
215  while taking direction from lower-graded employees, for nearly two years, and also, certainly
216  at Schindel's urging, ended up filing my first formal EEO complaint in my Federal career in the,
217  at the time, twentieth year of my Federal career. I considered then, and still consider, Schindel's
218  actions to be discriminatory and retaliatory based on actions I had taken and concerns I had
219  raised just prior to this time.

---

[7] Ref. Exhibit C for a highly-complimentary write-up by Schindel in 1991 when I worked directly for him on the first Peer Review performed by the Treasury OIG.

220    Despite my long record of EEO concerns with Schindel, and despite independently
221 documented evidence over many years of a seriously poor record of management, to also include
222 very serious concerns in the area of equal employment opportunity, at the Treasury OIG during
223 Schindel's managerial tenure, Schindel has risen to the position of Treasury Deputy Inspector
224 General, while also being named acting Inspector General for an extended period of time, while
225 I have not been permanently promoted beyond the Grade 14 under his management. I wish to
226 note that Schindel is the person most responsible for my being forced to file my first, and
227 subsequent sixteen other, formal EEO complaints, and three civil actions against the Secretary of
228 the Treasury, and all since December 1995. I also wish to note that I arrived into the Treasury
229 OIG in 1983 and prior to Schindel's arrival.

230    I respectfully submit that officials of the United States government:

231    1. Were fully aware of my Hispanic National Origin, my sex, and my age, as these material
232       facts have been a part of my official personnel records since 1976;
233    2. Were fully aware of my qualifications for promotion, as is clearly evidenced in my
234       consistently highly-rated performance appraisals, to include consistently high ratings in
235       the management category, over my twenty-one year career with the Treasury OIG;
236    3. Were fully aware that I had engaged the administrative EEO process and had claimed
237       a long-term pattern of discrimination, retaliation, disparate treatment, and a
238       hostile/harassing work environment committed against me in each of the seventeen
239       formal EEO complaints that I have been forced to file to date against the Secretary of the
240       Treasury;

241     4. Were fully aware of highly-specific, relevant, and pertinent material factual evidence in

242         support of the claims, issues, and matters that I have raised based on the overwhelming

243         preponderance of clear and indisputable information and documentation that I have

244         placed on the administrative records in each of my seventeen formal EEO complaints;

245         and

246     5. Were fully aware of such evidence as provided by me that the Secretary of the Treasury

247         has always had sufficient information under which each of my formal EEO complaints

248         could have been and should have been thoroughly and timely investigated by the

249         Secretary of the Treasury, but were not; and officials of the United States government

250         have consistently decided against me.

251     I claim that I have acted in good faith throughout my seventeen administrative and three civil

252 actions, and also acted in good faith in my filings before the United States Office of Special

253 Counsel (OSC) and in my two filings of Petitions for Writ of Certiorari before the Supreme

254 Court of the United States, ref. 98-1123 and 02-998.

255     I claim that I have provided, in compliance with holdings of the Supreme Court of the United

256 States, sufficient direct and circumstantial evidence of a long-term pattern of discrimination,

257 retaliation, disparate treatment, and a hostile/harassing work environment and conspiracy

258 committed against me by officials of the United States government, to deny me my civil right to

259 equal employment opportunity to get my claims before a jury.

260     In further regards to conspiracy, I claim that, because the U.S. Attorney has defended and is

261 defending the Secretary of the Treasury in my three civil actions and as such has access to all of

262  my submittals in my three civil actions, that the U.S. Attorney has been aware of and is aware of

263  indisputable evidence in support of my claims to a long-term pattern of discrimination,

264  retaliation, disparate treatment, and a hostile/harassing work environment; and has been aware of

265  and is aware of sufficient direct and circumstantial evidence of conspiracy by officials of the

266  United States government being committed against me.

267  In addition, evidence in my seventeen administrative EEO cases and in my civil actions

268  clearly demonstrates a long-term pattern and practice by officials of the United States

269  government of misstating, restating, and/or providing an incomplete statement of the claims,

270  issues, and matters that I raise; and of misstating, restating, misrepresenting, ignoring, and/or

271  providing an incomplete statement of the evidence that I have submitted in support of my claims

272  and then issuing decisions under these highly-questionable circumstances.

273  It is indisputably clear from the records in my legal cases that the U.S. Attorney has also

274  engaged in these unworthy practices of misstating, restating, misrepresenting, and/or providing

275  an incomplete statement of my claims and the evidence that I have submitted in support of my

276  claims while defending the Secretary of the Treasury in court.

277  I do not believe that the Secretary of the Treasury, his senior management, and his staff

278  should continue to be rewarded by officials of the United States government for clearly

279  discriminating and retaliating against me, nor should officials of the United States government be

280  rewarded by the courts for these actions nor for their conspiring to deny me my civil right to

281  equal employment opportunity and all damages legally due me.

282    I am a highly-qualified, highly-experienced, long-term employee of the Department of the
283    Treasury who just happens to be a female of Hispanic national origin over the age of 40 who,
284    legally and with just cause, has engaged in statutorily protected activity and has engaged the
285    legal process in pursuit of her clear civil right to equal employment opportunity. It is abundantly
286    and overwhelmingly clear from the indisputable direct evidence contained in the records in my
287    seventeen administrative and three legal cases that the Secretary(s) of the Treasury and their
288    management did not have and do not have any intention of providing merited career
289    advancement for me; and it is abundantly and overwhelmingly clear from the evidence that other
290    officials of the United States government are supporting the Secretary(s) in these illegal acts.

291                            **RELIEF REQUESTED**

292    I am demanding a jury trial. I am requesting an award of damages in the amount of $60,000,000.


                                                    Respectfully Submitted,


                                                    *[signature]*
                                                    Maria V. Carmona, *pro se*
                                                    8306 Haven Hill Court
                                                    Laurel, Maryland 20723
                                                    (301) 490-4328