

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Maria Carmona,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Request No. 05A50543

Appeal No. 01A33495
Agency No. 01155R

### DENIAL

Maria Carmona (complainant) timely requested reconsideration of the decision in *Maria Carmona v. Department of the Treasury*, EEOC Appeal No. 01A33495 (December 2, 2004). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

In her underlying complaint, complainant alleged that the agency discriminated against her, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, on the bases of national origin (Hispanic), sex (female), age (D.O.B. 10/8/52), and in reprisal for prior EEO activity (arising under Title VII and ADEA) when: (1) she was denied office space and furniture commensurate with her position; and (2) she was not selected for three different positions. The agency issued a final agency decision (FAD) finding no discrimination. On appeal the Commission affirmed the FAD.

In support of her request for reconsideration, complainant raised the same arguments that she made in her appeal. Specifically, complainant alleged that she was subjected to a "long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment." However, we remind complainant that a "request for reconsideration [is not a] second appeal to the Commission." Equal Employment Opportunity Management Di[rective]

Plaintiff Exhibit A UPON INITIAL FILING

2                                                                                      05A50543

29 C.F.R. § 1614, at 9-17 (rev. November 9, 1999). Accordingly, after reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A33495 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

MAR 1 6 2005
Date

3                                                                  05A50543

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 1 6 2005
Date

R Bahy
Equal Opportunity Assistant



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

OFFICE OF
INSPECTOR GENERAL

January 28, 1999

Stephen T. Shih
Administrative Judge
Equal Employment Opportunity Commission
Washington Field Office
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

Re:   Maria V. Carmona v. Robert E. Rubin, Secretary, Department of the
      Treasury, EEOC No. 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X, TD Number 96-1069

Dear: Judge Shih:

This letter is in reference to past correspondence involving the statement of the issues in this case in your July 27, 1998 letter.

Section A of the July 27, 1998 letter, "Stipulation to Issue." stated the issues as " Was Complainant  .  .  . on the bases of her national origin (?) . . . ." When I requested clarification you provided a voice mail message to me on August 3, 1998 that indicated that Hispanic was not an national origin. I note that Complainant, in her response to your December 29, 1998 notice of summary judgment continues to dispute this matter. Enclosed please find a recent decision from the EEOC's Office of Federal Operations. Footnote 1 of Wichy v. Department of the Air Force, Appeal No. 01962972 (September 25, 1998) states that the EEOC considers the term "Hispanic" to be a designation of national origin.

In order to avoid further dispute on this matter, the Agency respectfully requests that the statement of the issues in the case be modified accordingly.

Sincerely,

Cynthia A. Langwiser
Agency Representative

05 1194

Enclosure

**FILED**

JUN 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff
Exhibit
B
UPON INITIAL FILING

| | |
|---|---|
| Employee's Name (Last, First, MI) | ...cial Security No. |
| Carmona, Maria | |

1. Position, Title, Series and Grade
   Auditor    GM-511-14

Organization: AIG for: AUDIT
Office: Office of Inspector General

| Appraisal Period | 6. Type of Appraisal (Check Applicable Box) |
|---|---|
| From: 07/01/90    To: 06/30/91 | ☐ Departure    ☐ Change in Performance<br>☐ Annual    ☐ Detail    ☒ Other (Specify) interim |

### Record of Concurrance and/or Receipt (Please Sign and Date)

| | Performance Plan Established & Communicated | Progress Review (Documentation May Be Attached) | Ad Hoc Appraisal (Attached) | Annual Performance Appraisal |
|---|---|---|---|---|
| ater | | | [signature] 7/2/91 | |
| Reviewing Official | | | | |
| Employee | | | [signature] 07-26-91 | |

Employee Comments Attached (Check if Appropriate)

### 8. Performance Element Summary

| Element Number** | (b) Performance Element Title | (c) Element Weight | (d) Numeric Rating | (e) Numeric Value |
|---|---|---|---|---|
| 1C | MANAGERIAL/SUPERVISORY PERFORMANCE | | | |
| 2C | TECHNICAL PERFORMANCE | | | |
| | EQUAL OPPORTUNITY EFFORTS | | | |
| | INTERNAL CONTROLS | | | |

Conversion Scale
199.9  Unacceptable

299.9  Minimally Successful

399.9  Fully Successful

  3  Exceeds Fully Successful

500.9  Outstanding

Indicate Critical Element by "C" After Number
Form 2120A

| Related Actions | 9. Total Numeric Value |
|---|---|
| ☐ None | |
| ☐ PIP | |
| ☐ Award Recommendation | 10. Rating of Record |
| ☐ Other (Specify) _____ | |

Plaintiff
Exhibit
C
UPON INITIAL FILING

163

Interim Appraisal

Maria V. Carmona

This appraisal presents the results of Maria Carmona's performance on the PCIE Peer Review of GSA's Inspector General. This appraisal covers the period Jan 9, 1991 through April 12, 1991.

Overall Maria Carmona's performance on this project was outstanding. She made significant contributions to a highly successful quality assurance review of the GSA Inspector General Audit operations. The project resulted in a Special Act group award for the peer review team which included Ms. Carmona.

Ms. Carmona was the first team member to join the peer review team. She attended a one day seminar on the peer review process on January 9, 1991 and worked part time in the project until she joined the team full time on January 28.

Right from the start Ms. Carmona made significant contributions to the project. On her own initiative she attained the most recent external quality assurance review report of the GSA IG operations which was conducted by GAO. Since Maria was the first to join the team full time she assisted the team leader in preliminary planning activities. She was also assigned responsibility for developing the sampling methodology and selecting the sample of audits to be reviewed. Maria did an excellent job in handling this assignment. She developed the sampling criteria, obtained a listing of GSA audit reports issued during the period of our review and selected a preliminary sample. She developed a lotus spread sheet to list out the preliminary sample which contained key characteristics from each audit. This spread sheet greatly facilitated the final sample selection and the assignment of individual audits to the team members.

Maria was also given responsibility for evaluating the GSA IG's own internal quality assurance review program. She again did an excellent job of evaluating this activity. She developed an excellent working relationship with the individuals in charge of the quality assurance function and was able to quickly and easily obtain the needed information to conduct a thorough evaluation of this activity. Maria devised her own review methodology and prepared an excellent summary report on her results.

In addition to these two areas Maria was also responsible for heading up the review teams that reviewed individual audits at two GSA IG regional offices, Philadelphia and Kansas City. Since this project was on a very ambitious time frame Maria had very little time to prepare for these visitations. As she did throughout the entire project Maria put in extra time in the

2 of 3

office and at home to meet the ambitious time frames established. She demonstrated outstanding ability to adapt quickly to changes in the scope and methodology of the project and to find ways to overcome obstacles in completing the work. Her performance in reviewing individual audits at both regional offices was nothing short of outstanding. She not only completed thorough and well documented reviews of individual audits herself, but directed the efforts of other team members at both sites. In Philadelphia, she had to quickly orient a team member from our Philadelphia office who had no familiarity with the peer review project. At both sites she conducted opening conferences, worked with the other team members to summarize results, prepared point sheets for each audit, discussed results with the GSA managers in charge of the audits, revised point sheets based on these discussions and held exit conferences with the Regional Inspector Generals for Audit all in one week periods at each site.

Because of her outstanding performance on these regional offices reviews we were able to bring the project in on time and also minimize travel costs by not having to stay past one week at each site or return at a later date to discuss results.

During the wrap up phase of this project Maria again made significant contributions. Not only were her own workpapers outstanding products, but she ensured that those of the other team members she was responsible for supervising on the field visitations were also thorough and complete.

Maria also made significant contributions to the final report. She wrote sections of the report related to her areas of responsibility which were well written and required little or no revision. She also reviewed all other sections of the report and came up with helpful and constructive ideas on improving the format, structure and content of those sections. The result was a very professional final product that Maria had a significant part in shaping.

In summary, Maria Carmona's performance on this project was outstanding in all aspects. Her technical ability, analytical skills, ability to supervise others, writing skills and ability to meet and deal with auditees at high levels were all displayed in an outstanding manner. In addition, Maria demonstrated that she is a team player and is willing to do whatever it takes to get the job done. The extra long hours that she put in on this project on her own time clearly demonstrated this.