UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA V. CARMONA ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 05-1194 (JGP) |
| ) | |
| JOHN W. SNOW, Secretary of the Treasury ) | |
| ) | |
| **Defendant.** ) | ECF |
| _____) | |

## ANSWER

Defendant, John W. Snow, Secretary of the Treasury, by and through the undersigned counsel, answers the Complaint as follow:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Complaint.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations of the Complaint as follows:

Lines 1 to 9 - This section contains plaintiff's characterization of this action to which no response is required.  To the extent that a response is deemed required, defendant denies the

allegations.

Lines 10 to 20 - This section contains plaintiff's restatement of Equal Employment Opportunity Commission ("EEOC") regulatory provisions to which no response is required. To the extent that a response is deemed required, defendant denies that he violated the policy and provisions contained in these regulations.

Lines 21 to 24 - This section contains plaintiff's characterization of this action to which no response is required. To the extent a response is deemed required, defendant denies the allegations.

Lines 24 to 29 - This section contains plaintiff's restatement of 18 U.S.C. 241 to which no response is required. To the extent a response is deemed required, defendant denies that it violated the statute cited by plaintiff.

Lines 30 to 31 - This section contains plaintiff's characterization of herself to which no response is required. To the extent that a response is deemed required, defendant avers that, based on the record, it does appear that plaintiff is, and has been, proceeding pro se with this case; and that plaintiff is not an attorney.

Lines 31 to 33 - This section contains plaintiff's statement as to the jurisdiction of this Court to which no response is required. To the extent that a response is deemed required, defendant denies that this Court has subject matter jurisdiction over all of plaintiff's claims.

Lines 33 to 36 - Defendant admits that the EEOC's Office of Federal Operations denied reconsideration of TD 01-1155R and that the decision states that plaintiff had no further right of administrative appeal.

Lines 37 to 39 - Defendant is without sufficient information to admit or deny that it is plaintiff's "understanding from Hadden's decision that [plaintiff has] exhausted any and all administrative remedies. . . " To the extent that a response is deemed required, defendant denies the allegations.

Lines 40 to 41 - Defendant admits that plaintiff is a United States citizen, a Hispanic Caucasian female, currently age 52 and a GS-511-14. Defendant is without sufficient knowledge to admit or deny that all plaintiff's performance appraisals since 1983 evidence consistently highly rated service. To the extent a response is deemed required, Defendant denies the allegations.

Lines 42 to 50 - Defendant admits that this is the third civil action naming the Secretary of the Treasury as the Defendant that plaintiff has filed in the District Court for the District of Columbia and that plaintiff has not been permanently promoted beyond the GS-14 level. Defendant denies the remaining allegations contained in this section.

Lines 50 to 52 - Defendant admits that plaintiff's Official Personnel File ("OPF") shows that plaintiff joined the OIG in March 1983 as a GS-7; that plaintiff's application, which is included in her OPF, shows a second bachelor's degree; and that plaintiff's application shows that she held a CPA certification. Defendant is without sufficient information to admit or deny when plaintiff attended these classes.

Lines 53 to 54 - Defendant admits that prior to joining the Treasury Office of Inspector General ("OIG") plaintiff had been working in the Federal government for several years and had risen to the GS-10 level.

Lines 54 to 58 - Defendant admits that plaintiff has not been permanently promoted beyond the GS-14 level. Defendant admits that plaintiff made the best qualified list for a SES position in the OIG in 2001. Defendant is without sufficient information to admit or deny whether plaintiff made other best qualified lists stated in sentence three of this section; to the extent a response is deemed required, defendant denies the allegations.

Lines 59 to 61 - Defendant admits that plaintiff was eligible for promotion to GS-15 in 1991.

Lines 61 to 62 - Defendant denies that pretext was used by Treasury senior officials in any explanations of any personnel action taken in 1991.

Lines 62 to 65 - Defendant is without sufficient information to admit or deny the allegations contained in this section; to the extent a response is deemed required, defendant denies the allegations.

Lines 66 to 72 - Defendant admits that in 1994, five male senior executives signed a memorandum related to diversity and that that memorandum is the best evidence of its contents. Defendant is without sufficient information to admit or deny whether the five male executives who signed the memorandum were non-Minority; to the extent a response is deemed required, defendant denies the allegations.

Lines 73 to 79 - Defendant is without sufficient information to admit or deny the allegations contained in this section; to the extent a response is deemed required, defendant denies the allegations.

Lines 79 to 83 - Defendant admits that a study by the Officer of Personnel Management was conducted and that any report of that study is the best evidence of its results.

Lines 83 to 91 - Defendant is without sufficient information to admit or deny the allegations contained in this section; to the extent a response is deemed required, defendant denies the allegations.

Lines 91 to 99 - Defendant denies the allegations contained in this section.

Lines 99 to 102 - Defendant admits that Plaintiff has not been permanently promoted beyond the GS-14 level.  Defendant denies that plaintiff has been denied several merited promotions to the Grade 15 or SES level.  Defendant denies that plaintiff has been denied the opportunity to compete for promotion.

Lines 102 to 105 - Defendant is without sufficient information to admit or deny the allegations contained in this section;  to the extent a response is deemed required, defendant denies the allegations.

Lines 106 to 109 - Defendant denies that the Treasury OIG has never promoted a female in the 511 series.  Defendant denies that the Treasury OIG has never promoted a Hispanic in the 511 series.  Defendant admits that the Treasury OIG has never promoted a candidate who is both female and Hispanic in the 511 series.  Plaintiff's statement regarding her *prima facie* case of discrimination is a legal conclusion to which no response is required; to the extent a response is deemed required, defendant denies the allegations.

Lines 110 to 120 - This section contains plaintiff's characterization of her *prima facie* case which is a legal conclusion to which no response is required; to the extent a response is

deemed required, defendant denies the allegations.

Lines 121 to 127 - Defendant admits that plaintiff has filed three civil actions against the Treasury as well as filing multiple formal administrative complaints, but defendant denies that plaintiff has provided evidence to support her allegations.

Lines 128 to 148 - Defendant denies the allegations contained in this section.

Lines 149 to 165 - The correspondence that plaintiff submitted to the Treasury in her December 18, 2000, letter is the best evidence of the claims that she submitted.

Lines 166 to 169 - Defendant denies that plaintiff's complaint referenced in this section was not assigned a TD number by Treasury. Defendant admits that timely issues raised in plaintiff's December 12, 2001, letter were included in TD 01-1155.

Lines 170 to 174 - Defendant denies that plaintiff's complaint referenced in this section was not assigned a TD number by Treasury. Defendant admits that timely issues raised in plaintiff's May 7, 2002, letter were included in TD 01-1155.

Lines 175 to 179 - Defendant denies that plaintiff's complaint referenced in this section was not assigned a TD number by Treasury. Defendant admits that timely issues were included in TD 01-1155.

Lines 180 to 182 - Defendant denies the allegations contained in this section.

Lines 183 to 184 - This section contains legal conclusions to which no response is required; to the extent a response is deemed required, defendant denies the allegations contained in this section. With regards to the footnote contained in this section, defendant admits that plaintiff requested a counselor in March 2005, with regard to a non-selection. Defendant avers

that plaintiff has not contacted the assigned counsel despite repeated requests by the counselor. Defendant admits that defendant has not been contacted by the counselor concerning an offer of resolution.

Lines 185 to 194 - Defendant admits that an open forum with Inspector General Jeffrey Rush was held during which Inspector General Jeffrey Rush gave remarks similar to those plaintiff describes. Defendant avers that in defendant's Answer to plaintiff's previous civil action (C.A. No. 01-0115 (CKK)) defendant admitted that the statements were made but that it denied that there was any implication that retaliation for the complaints would occur or that individuals who filed an EEO complaint or personnel action would have his or her career ruined.

195 to 197 - Defendant is without sufficient information to admit or deny how plaintiff perceived or interpreted Inspector General Rush's comments; to the extent a response is deemed required, defendant denies the allegations.

Lines 197 to 198 - Defendant denies that plaintiff merited promotion over the candidates eventually selected for the three positions that are at issue in this complaint.

Lines 199 to 207 - Defendant denies the allegations contained in this section.

Lines 207 to 213 - Defendant denies the allegations contained in this section, except that defendant is without sufficient information to admit or deny whether plaintiff made the "best qualified list" for a position at another federal agency; to the extent a response is deemed required, defendant denies the allegations.

Lines 214 to 217 - Defendant denies the allegation contained in this section.

Lines 217 to 219 - Defendant is without sufficient information to admit or deny how plaintiff perceives Dennis Schindel's actions; to the extent a response is deemed required, defendant denies the allegations. Defendant denies that Mr. Schindel discriminated or retaliated against plaintiff.

Lines 220 to 225 - Defendant denies that there is documented evidence of a seriously poor record of management during the time period reference by plaintiff in this section. Defendant admits that, based on his qualifications, Mr. Schindel became the Treasury's Deputy Inspector General and then Acting Inspector General by operation of law. Defendant admits that plaintiff has not been permanently promoted to the GS-15 level.

Lines 225 to 228 - Defendant is without sufficient information to admit or deny Plaintiff's reasons for filing EEO complaints, to the extent a response is deemed required, defendant denies the allegations. Further, Defendant avers that neither Mr. Schindel nor any other OIG official has taken any action against plaintiff that was discriminatory or retaliatory.

Lines 228 to 229 - Defendant admits that plaintiff started working at the Treasury OIG in 1983 prior to Mr. Schindel's arrival.

Lines 230 to 240 - Defendant admits that plaintiff's OPF shows her age and sex, and her Cuban birth place. Defendant admits that plaintiff was eligible for promotion to the GS-15 level after one year of service at the GS-14 level. Defendant denies that OIG management officials had knowledge of plaintiff's prior EEO activity until after it received notice in 1996 that plaintiff's first EEO complaint, which was filed in late 1996, was accepted for processing.

Lines 241 to 245 - Defendant denies the allegations contained in this section.

Lines 246 to 250 – Defendant denies the allegations contained in this section except to admit that none of Plaintiff's formal complaints of discrimination that have reached final resolution have resulted in findings of discrimination.

Lines 251 to 254 - Defendant is without sufficient information to admit or deny that plaintiff has acted in "good faith"; to the extent a response is deemed required, defendant denies the allegations.

Lines 255 to 290 - This section contains plaintiff's characterization of her claims, as well as legal conclusions to which no response is required. To the extent a response is deemed required, defendant denies the allegations.

The remaining sentence of the Complaint consists of plaintiff's prayer for relief, which requires no response, but to the extent a response is deemed required, defendant denies that plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant further avers that any award of compensatory damages for plaintiff's claims would be subject to and limited by 42 U.S.C. § 1981a. Defendant denies that plaintiff is entitled to a jury trial to the extent that the United States has not expressly provided for such in statute.

Defendant denies each and every allegation contained in the Complaint not specifically admitted herein.

August 25, 2005.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
JULIA K. DOUDS
Special Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-5134

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2005, I caused the foregoing ANSWER, to be served on Plaintiff, *Pro se*, by first-class mail, postage prepaid, addressed as follows:

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723

                                                  __/s/_____
                                                  JULIA DOUDS
                                                  Special Assistant United States Attorney
                                                  555 Fourth Street, N.W.
                                                  Washington, DC 20530
                                                  202-514-5134