UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA V. CARMONA

        Plaintiff

v.　　　　　　　　　　　　　　　　　　　　Civil Action No. 05-1194 (JGP)

JOHN W. SNOW
Secretary of the Treasury

        Defendant

### PLAINTIFF'S REPORT PURSUANT TO LOCAL RULE 16.3

Plaintiff files this report in accordance with LCv16.3 and the Court's August 26, 2005, Order [#6]. It is Plaintiff's understanding that it is Plaintiff's responsibility to file the report with the Court. Plaintiff reminds the Court that she is not an attorney and is proceeding *pro se*. Plaintiff initiated contact with Defendant's counsel, Special Assistant United States Attorney (AUSA) Julia K. Douds [#3] on September 1, 2005, for purposes of preparing and filing the Joint Statement. Having received no response, oral or written, Plaintiff again contacted Ms. Douds on September 9, 2005, stating that it is Plaintiff's understanding that Defendant will not be cooperating in the Joint Statement. As of the date of this filing, Plaintiff has received no contact from Ms. Douds. As Plaintiff reported in related case 04cv0589 (JGP), #5, the Defendant has refused to cooperate in the preparation of a Joint Statement.

1. <u>Statement of the Case</u>. Plaintiff Maria V. Carmona claims that Defendant John W. Snow, Secretary of the Treasury, his staff, and his predecessors and their staffs, have committed, and

are being allowed to commit, along with other officials of the United States government, a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment against plaintiff in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, based on her national origin (Hispanic); with special consideration given due to Plaintiff being Cuban-American, having been born in Havana, Cuba; sex (female); age (D.O.B. October 8, 1952); and in reprisal for engaging in prior statutorily protected activity. Plaintiff also claims that officials of the United States government have exhibited a long-term pattern and practice of conspiring to oppress, threaten, and intimidate Plaintiff out of her civil right to equal employment opportunity in violation of 18 U.S.C. § 241 (2002) Conspiracy Against Rights. Plaintiff is a United States citizen, a Hispanic White Female, Age 52, GS-511-14, who has twenty-one years of consistently highly-rated service with the Treasury Office of Inspector General (OIG). Plaintiff is in her thirtieth year of Federal service. Despite Plaintiff's consistently highly-rated performance appraisals, qualifications, and proven extensive and varied technical and managerial experience within the Treasury OIG,[1] Plaintiff has not been permanently promoted beyond the Grade 14 within the Treasury OIG, or elsewhere within the United States government. Plaintiff first joined the Treasury OIG as a Grade 7 auditor (GS-511-07) during March 1983, following attending classes at night and on weekends for several years to obtain a second bachelors degree, this time in business with a major in accounting, and shortly after becoming a Certified Public Accountant (CPA). When Plaintiff

---

[1] All evidence of which is part of plaintiff's official work record since first joining the Treasury OIG in 1983.

first joined the Treasury OIG in 1983, she had attained a Grade 10 position at another Federal agency. Plaintiff first made the best qualified list for promotion to the Grade 15 within the Treasury OIG in 1991 but was denied that merited promotion through the use of pretext by senior Treasury officials. Plaintiff also made the best qualified list for Inspector General at another federal agency in 1993. Evidence shows that Plaintiff has been unfairly denied numerous merited promotions to the Grade 15 or above throughout her over 21-year career with the Treasury OIG. In the instant case, evidence shows that Plaintiff was denied several merited promotions to the Grade 15 or above under former Treasury Inspector General Jeffrey Rush. And it is clear following Plaintiff's most recent denials of merited promotions to the Grade 15 that current Inspector General Harold Damelin is continuing the Defendant's long-term exhibited policy and practice of preferring Non-Minority White employees, preferably Male, for promotion to the Grade 15 and above in the Treasury OIG.

Plaintiff claims that she provided in *Carmona v. O'Neill*, 01cv0115 (CKK), direct evidence and sufficient circumstantial evidence that established multiple causal links in support of her overarching claim of a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment being committed against her.

Plaintiff claims that she provided in *Carmona v. Snow*, 04cv0589 (JGP), a currently active and related case to the instant civil action, direct evidence and sufficient circumstantial evidence that establishes multiple causal links in support of her overarching claim of a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment being committed against her.

Plaintiff claims that she provided in the instant case, *Carmona v. Snow*, 05cv1194 (JGP), direct evidence and sufficient circumstantial evidence that establishes multiple causal links in support of her overarching claim of a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment being committed against her.

Plaintiff wishes to note that 01cv0115 (CKK) represents the eighth, ninth, and tenth; that related case 04cv0589 (JGP) represents the third, fourth, fifth, and sixth; and that the instant civil action 05cv1194 (JGP) represents the twelfth, thirteenth, fourteenth, fifteenth, and sixteenth;[2] of the eighteen formal administrative EEO complaints that Plaintiff has been forced to file to date against the Secretary of the Treasury, and all since December 1995.

As was the case in 01cv0115 (CKK), and as is the case in related case 04cv0589 (JGP) and in the instant case 05cv1194 (JGP), Plaintiff came before the Court in pursuit of legal remedies following exhausting any and all administrative remedies.

Defendant answers that the Court lacks subject matter jurisdiction over the Complaint, that the Complaint fails to state a claim upon which relief can be granted, and that Plaintiff did not exhaust her administrative remedies.

2. <u>Amendment to Pleadings</u>.  At this time, Plaintiff does not anticipate amending her pleadings.

3. <u>Assignment to Magistrate Judge.</u>  Plaintiff opposes referral of this case to a magistrate judge.

---

[2] Plaintiff's twelfth formal administrative EEO complaint was designated TD-01-1115 by officials at the Department of the Treasury. However, Plaintiff wishes to note that officials at the Department of the Treasury simply did not assign TD numbers to the thirteenth, fourteenth, fifteenth, and sixteenth of her administrative EEO complaints.

4. <u>Settlement Possibility</u>. Based on the clear and indisputable long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment committed against Plaintiff by Defendant(s)[3] and their staff, and by the Chair(s) of the EEOC and their staffs; and due to conspiracy by officials of the United States government to deny Plaintiff her legal right to equal employment opportunity; to deny Plaintiff her legal right to pursue her claims, administratively and legally, in a fair, equitable, and objective environment; to deny Plaintiff her legal right to all damages due Plaintiff; and due to no offers for settlement being proffered by the Defendant, Plaintiff does not believe that there is the possibility of settlement in the instant case. As such Plaintiff wishes to proceed to trial at the Court's earliest convenience.

5. <u>Alternative Dispute Resolution</u>. Plaintiff does not believe that alternative dispute resolution is a viable option, for the reasons stated in Item 4 above.

6. <u>Dispositive Motions/Discovery Time Frame</u>. At this time, Plaintiff does not anticipate filing a dispositive motion, and does not believe that the instant case should be decided by dispositive motion. See Items 7 and 8 below for discovery time frame.

7. <u>Initial Disclosures</u>. Plaintiff proposes that the parties make all initial disclosures pursuant to FRCP 26(a)(1) within 15 days of this scheduling conference. Given that discovery was not granted during 01cv0115 (CKK) and given Defendant's failure to reasonably respond to initial disclosures in related case 04cv0589 (JGP), an act which unreasonably forced Plaintiff to use her

---

[3] Plaintiff notes that there have been several Secretaries of the Treasury, i.e., the Defendant in Plaintiff's administrative and legal cases, since Plaintiff first joined Treasury OIG in 1983.

formal discovery requests in an attempt to obtain reasonable relevant and material data from Defendant's files, Plaintiff respectfully requests that the Court closely monitor Defendant's initial disclosures in the instant case. See Item 8 below.

8. Discovery. Plaintiff proposes discovery pursuant to Federal and Local Rules, and proposes that the parties serve all discovery requests within 45 days and that all discovery be completed within 120 days of initiation. Given that discovery was not granted during 01cv0115 (CKK); given Defendant's failure to provide reasonable relevant and material data to Plaintiff during initial disclosures in related case 04cv0589 (JGP); and given, as of the date of filing this statement, Defendant's failure to provide reasonable relevant and material data in response to Plaintiff's discovery requests in related case 04cv0589 (JGP); Plaintiff respectfully requests that the Court closely monitor Defendant's responses to Plaintiff's discovery requests in the instant case. In brief regards to Defendant's objections to Plaintiff's discovery requests in related case 04cv0589 (JGP) and his failure to provide reasonable relevant and material data requested by Plaintiff, Plaintiff submits that Defendant is simply refusing, and unreasonably so, to provide evidence which is under the control of Defendant that would further support Plaintiff's claims. Plaintiff submits that this evidence being unreasonably withheld by Defendant, has been and is contained in (1) the official personnel and other work records of Plaintiff and her coworkers that is under the control of the Defendant;[4] (2) reasonably should have been collected/uncovered during a proper and timely informal EEO counseling period

---

[4] Defendant has official direct knowledge of the name, age, sex, and national origin of Plaintiff and each of her coworkers. Defendant has official direct knowledge of Plaintiff's and her coworkers' specific career advancement; work assignments; and the duration, and terms and conditions, of those work assignments.

conducted by Defendant, but was not; (3) reasonably should have been collected/uncovered during proper and timely investigations conducted by Defendant, but was not; (4) reasonably should have been provided during initial disclosures in related case 04cv0589 (JGP) by Defendant, but was not; and (5) reasonably should have been provided by Defendant in response to Plaintiff's discovery requests in related case 04cv0589 (JGP), but has not. Given the above, Plaintiff looks to the Court to extend the stated October 3, 2005, date for completion of discovery in related case 04cv0589 (JGP), #33, because the discovery information requested by Plaintiff in that case is highly relevant and material to the instant case. Plaintiff respectfully requests that Defendant be granted an extension of time to respond fully and completely to Plaintiff's discovery requests in related case 04cv0589 (JGP). The Court, in extending Defendant's time to respond fully and completely to Plaintiff's discovery requests in related case 04cv0589 (JGP), will save the Court, Plaintiff, and Defendant considerable time in the instant case.

9. <u>Experts</u>. Plaintiff is willing to stipulate to dispensing of expert witnesses.

10. <u>Bifurcation of Discovery or Trial</u>. Plaintiff does not see any need for bifurcation at this time.

11. <u>Proposed Date For Pretrial Conference</u>. Given that Defendant has exhibited no real intention of providing Plaintiff her legal right to equal employment opportunity, i.e., specifically merited career advancement beyond the Grade 14; and given that Defendant has exhibited a clear long-term pattern and practice, during both the administrative and legal processing of Plaintiff's claims, of not acting in good faith and of not being forthcoming in the proper and timely providing of relevant and material information and documentation in his possession; and in

consideration of Defendant knowingly and purposefully misleading officials at both the EEOC and the Court, and of Defendant knowingly and purposely misrepresenting the facts in Plaintiff's administrative and legal cases to officials at the EEOC, and to the Court in 01cv0115 (CKK), in related case 04cv0589 (JGP), and in the instant case 05cv1194 (JGP); Plaintiff respectfully requests that the Court hold a Pretrial Conference at the Court's earliest convenience. Plaintiff notes that the Court has scheduled an Initial Scheduling Conference [#6] for September 20, 2005, in the instant case.

12. <u>Trial Date</u>. For the reasons stated in Item 11 above, Plaintiff respectfully requests a trial date be set at the Court's earliest convenience. It is clear from Defendant's history of refusing to act in good faith towards Plaintiff and before the Court that Plaintiff has been unable and will be unable to properly prosecute her case(s) without a trial during which Plaintiff will request relevant and material information and documentation in the possession of Defendant that Defendant has to date simply refused to provide, and during which Plaintiff will be able to call and cross-examine witnesses under oath before a jury in order to further pursue Plaintiff's claim of a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment and to further pursue Plaintiff's claims as to conspiracy and perjury by Defendant, his staff, and other officials of the United States government.

> Respectfully Submitted,
>
> *Maria V Carmona*
> Maria V. Carmona, *pro se*
> 8306 Haven Hill Court
> Laurel, Maryland 20723
> (301) 490-4328