UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIA V. CARMONA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1194(JGP) |
| | ) | |
| JOHN W. SNOW, Secretary of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S REPORT PURSUANT TO LOCAL RULE 16.3**

Defendant presents this report of issues required by Local Rule 16.3 and this Court's August 26, 2005 Order.[1]

    1.    <u>Statement of the Case</u> - Plaintiff brought this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et</u> <u>seq.</u>, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, <u>et</u> <u>seq.</u>,

---

[1] Plaintiff filed a separate Local Rule 16.3 Report on Tuesday, September 13 noting that, as of the date of plaintiff's filing, defendant's counsel refused to cooperate in the preparation of a joint report. Plaintiff's statement is blatantly untrue. Defendant's counsel telephoned plaintiff on or around September 9 to discuss filing a joint report. Defendant's counsel also sent plaintiff a draft version of a joint report by overnight mail to arrive on Saturday, September 10. Defendant's counsel requested that plaintiff review the draft report and sign the signature page if the draft was satisfactory, or alternatively, call defendant's counsel on Monday, September 12, 2005, if plaintiff wished to discuss the draft report. Defendant's counsel also informed plaintiff that defendant would seek an extension to file the joint report if plaintiff required additional time to review the draft. Defendant's counsel has not heard from plaintiff regarding the joint report despite providing plaintiff with a telephone number, facsimile number and an e-mail address. Defendant's counsel additionally requested that plaintiff provide similar contact information since contacting plaintiff solely by telephone has been ineffective. Defendant's counsel is filing a separate Local Rule 16.3 Report with reference to plaintiff's report for ease of review of the parties' positions.

alleging that she was subjected to discrimination based upon her national origin (Hispanic) with special consideration due to her status as being Cuban-American, sex (female), and age. Plaintiff also alleges retaliation and conspiracy to preclude Plaintiff from exercising her civil rights to equal employment opportunity in violation of 18 U.S.C. § 241. Plaintiff's specific allegations include: 1) denial of office space and furniture commensurate with her position; 2) manipulation of personnel system in violation of merit system principles; 3) failure to properly address EEO concerns; 4) failure to provide requested management and other training; 5) placement in non-pay status; 6) failure to provide notifications of personnel actions in a timely manner; 7) failure to correct overpayment in a timely manner; 8) failure to assign appropriate staffing; 9) failure to properly present results of work; 10) failure to implement Hispanic employment initiatives; 11) failure to address EEO-related issues; 12) failure to properly administer EEO requirements; 13) breach of confidentiality;  14) non-selection for the position of Deputy Inspector General ("DAIGA") under Vacancy Announcement No. OIG-01-009; 15) non-selection for the position of DAIGA under Vacancy Announcement No. OIG-01-043; and 16) non-selection for the position of Supervisory Auditor under Vacancy Announcement No. OIG-01-044.

     Defendant avers that the Court lacks subject matter jurisdiction over plaintiff's conspiracy claim as well as her allegation related to improprieties with the processing and adjudication of her claims at the agency level and/or before the Equal Employment Opportunity Commission. Defendant also avers that plaintiff fails to state a claim as

related to certain allegations, see Fed. R. Civ. P. 12(b)(6). Defendant additionally asserts that there were legitimate, nondiscriminatory reasons for the agency's actions.

    2.    <u>Amendment to Pleadings</u>: At this time, plaintiff (based on her Local Rule 16.3 Report filed separately) and defendant do not anticipate that it will be necessary to amend the pleadings. Defendant does not anticipate that it will be necessary to join third parties.

    3.    <u>Assignment To Magistrate Judge</u>: Plaintiff (based on her Local Rule 16.3 Report) and Defendant oppose referral of this case to a Magistrate Judge.

    4.    <u>Settlement Possibility</u>: The Parties have not discussed settlement. Plaintiff (based on her Local Rule 16.3 Report) does not believe that there is a possibility of settlement in the instant case. Defendant believes that settlement discussions might be warranted after disposition on post-discovery dispositive motions, if still appropriate.

    5.    <u>Alternative Dispute Resolution</u>: Plaintiff does not anticipate filing a dispositive motion, and does not believe that the instant case should be decided by dispositive motion. Defendant believes that alternative dispute resolution may be appropriate after disposition on post-discovery dispositive motions, if still appropriate.

    6.    <u>Dispositive Motions/Discovery Timeframe</u>: Defendant anticipates filing a pre-discovery dispositive motion pursuant to Rule 12(b)(6) or/and 56 of the Federal Rules of Civil Procedure by September 27, 2005, a week after the initial scheduling conference. Defendant believes that any post-discovery dispositive motion, if appropriate, should be filed within forty-five (45) days after the close of discovery, that any opposition to such

motion should be filed within thirty (30) days of the filing of the dispositive motion, and that any reply brief, should it be necessary, should be filed within fifteen (15) days of the filing of the opposition memorandum.

7. <u>Initial Disclosures</u>: Plaintiff proposes that the parties make initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within fifteen days of the initial scheduling conference. Defendant requests 60 days to do so.

8. <u>Discovery</u>: Plaintiff (based on her Local Rule 16.3 Report) proposes that the parties serve all discovery requests within 45 days and that all discovery be completed within 120 days of initiation. Defendant proposes that discovery be completed within 60 days from the date that the Court issues its decision on defendant's pre-discovery dispositive motion. Defendant believes that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, defendant believes that twenty-five (25) interrogatories and seven (7) depositions per party shall be sufficient.

9. <u>Experts</u>: Plaintiff (based on her Local Rule 16.3 Report) is willing to stipulate to dispensing of expert witnesses. Defendant does not know whether expert witnesses may be necessary at this time. Defendant proposes that any experts be designated no later than twenty (20) days after the commencement of discovery, and that any rebuttal experts be designated no later than fifteen (15) days thereafter. Defendant proposes that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

10. <u>Bifurcation of Discovery or Trial</u>: Plaintiff (based on her Local Rule 16.3 Report) and defendant do not see any need for bifurcation at this time.

11. <u>Proposed Date For The Pretrial Conference</u>: Plaintiff (based on her Local Rule 16.3 Report) requests that the Court hold a Pretrial Conference at the Court's earliest convenience. Defendant believes that a pretrial conference should be scheduled following the Court's rulings on any post-discovery dispositive motion.

12. <u>Trial Date</u>: Plaintiff (based on her Local Rule 16.3 Report) requests that a trial date be set at the Court's earliest convenience. Defendant believes that the Court should schedule a trial date at the pretrial conference.

Date: September 16, 2005        Respectfully Submitted,

/s/ Kenneth L. Wainstein /bmr
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ R. Craig Lawrence /bmr
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing <u>Defendant's Report Pursuant to Local Rule 16.3</u> was made by the Court's Electronic Case Filing System and by overnight <u>and</u> first class, postage prepaid mail, this <u>16th</u> day of September, 2005 to:

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney