UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA V. CARMONA

    Plaintiff

v.                                              Civil Action No. 05-1194 (JGP)

JOHN W. SNOW
Secretary of the Treasury

    Defendant

## PLAINTIFF'S MEMORANDUM REGARDING DEFENDANT'S FAILURE TO COMPLY WITH COURT ORDER

Plaintiff reminds the Court that she is proceeding *pro se*. Plaintiff wishes to state that it is simply unclear to her who is lead attorney for Defendant in case 05cv1194 (JGP). Plaintiff notes that Special Assistant United States Attorney Julia Douds remains listed on the docket as lead attorney. Plaintiff sees no withdrawal/termination for Ms. Douds, and sees no notice of appearance, or other indication on the record of appearance, for Assistant United States Attorney Beverly Russell in case 05cv1194 (JGP), although the Court has allowed and is allowing Ms. Russell to make filings in this case. And Plaintiff sees that the Court has acted on certain of Ms. Russell's filings while, to date, the Court has, without explanation, not acted on others, as briefly discussed in this memorandum. Plaintiff does not know how Ms. Russell came to be listed as representing Defendant on the docket for 05cv1194 (JGP) when there is no corresponding entry in the docket text.

With regards to Defendant's failure to comply with an Order of the Court, Judge Penn issued an Order [#12] dated September 21, 2005, stating that Defendant shall file his pre-discovery dispositive motion on or before September 27, 2005. It is Plaintiff's understanding that Defendant set this date and the Court so ordered. The record does not reflect a timely filing by Defendant of a pre-discovery dispositive motion on or before September 27, 2005.[1] It is, therefore, Plaintiff's understanding that Defendant failed to comply with the Court's Order.[2] In addition, Plaintiff does not see on the record that the Court has taken any action against Defendant for his failure to comply with an Order from the Court.

In light of these facts, Plaintiff respectfully requests that the Court place sanctions on Defendant such that Defendant is denied filing any pretrial dispositive motions or protective orders in this case; and that, due to Defendant's failure to conduct proper and timely investigations[3] into the claims, issues, and matters raised in Plaintiff's formal EEO complaints as are referenced in this civil action, the Court order Defendant to answer fully and completely all

---

[1] The record does, however, show that on September 26, 2005, the Court allowed Assistant United States Attorney Beverly Russell to enter a motion for extension of time [#13] to file Defendant's pre-discovery dispositive motion, and subsequently to file a motion to dismiss [#14]. Plaintiff sees no notice of appearance or other indication on the record for appearance by Ms. Russell in case 05cv1194 (JGP), and to date the record reflects no granting of an extension of time by the Court for Defendant to file his motion. Plaintiff wishes to note that she would oppose any motion for extension of time or any other such motions if timely filed by a counsel of record for Defendant.

[2] Plaintiff acknowledges that by Court Order she was given until October 11, 2005, to file a response to the pre-discovery dispositive motion that was ordered to be filed by Defendant by September 27, 2005. It is clear that Defendant did not timely file his motion as ordered, i.e., on or before September 27, 2005; therefore, it is Plaintiff's understanding that no response is required in these matters from Plaintiff by October 11, 2005.

[3] Within 180 days of the filing of a formal EEO complaint as in accordance with regulations and with agreement by Plaintiff as to the issues involved before an investigation can be commenced, conditions Defendant has never accorded to Plaintiff as was also the case in the formal EEO complaints that were the subjects of Plaintiff's civil action 01cv0115 (CKK), a case in which Defendant was granted summary judgment without discovery or a trial.

discovery requests from Plaintiff; and that Defendant be ordered to produce all witnesses Plaintiff wishes to call on her behalf at trial.

In conclusion, in light of the above-stated facts, Plaintiff respectfully requests relief from responding to any current and future motions filed by Defendant until the above matters; i.e., clarification of Defendant's counsel(s) of record, dates of appearance/termination/ withdrawal whenever and wherever appropriate for Defendant's counsel(s), who is lead attorney, who Plaintiff is required to respond to both outside and in consideration of Defendant's filings and Plaintiff's own filings before the Court, and Defendant's failure to comply with a Court Order; have all been considered and resolved by the Court.

Respectfully Submitted,

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland 20723
(301) 490-4328

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing

**PLAINTIFF'S MEMORANDUM REGARDING DEFENDANT'S FAILURE TO COMPLY WITH COURT ORDER**

was sent by first class mail

this 11th day of October 2005 to:

Beverly M. Russell
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E-4915
Washington, D.C. 20530
(202) 307-0492

J. Steven Elbell
8306 Haven Hill Court
Laurel, Maryland 20723
(301) 490-4328