UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA V. CARMONA

        Plaintiff

v.                                                      Civil Action No. 05-1194 (JGP)

JOHN W. SNOW
Secretary of the Treasury

        Defendant

## PLAINTIFF'S MEMORANDUM REGARDING
## DEFENDANT'S MISREPRESENTATIONS TO THE COURT

Plaintiff reminds the Court that she is proceeding *pro se*. On September 20, 2005, Judge Penn held a Scheduling Conference in the above-captioned case. During the conference, Plaintiff clearly recalls Defendant stating his intention to file a pre-discovery motion for partial summary judgment.[1] The Court granted Defendant's request and ordered that Defendant file his pre-discovery motion by the date set by Defendant, i.e., on or before September 27, 2005, with Plaintiff to file her opposition on or before October 11, 2005.[2] The Court also decided at that

---

[1] Plaintiff recalls Defendant mentioning items such as Plaintiff's conspiracy claim and claims regarding Plaintiff's office space and furniture. With regards to Defendant mentioning Plaintiff's claims about office space and furniture, Plaintiff recalls Judge Penn raising to Defendant the issue of a hostile work environment as it would relate to these claims.

[2] To Plaintiff, this short turnaround time directed by the Court was an indication that the Court understood that Defendant's pre-discovery motion would be for partial summary judgment.

time that Defendant shall file his post-discovery dispositive motion on or before March 7, 2006 [#12].[3]

On September 26, 2005, Defendant filed a Motion for Extension of Time [#13]. On October 13, 2005, Judge Penn granted Defendant's September 26, 2005, Motion for Extension of Time to file his pre-discovery motion by September 30, 2005, with Plaintiff to file her opposition on or before October 24, 2005 [#16].[4]

Following Judge Penn's October 13, 2005, granting of Defendant's request for an extension, Plaintiff has briefly reviewed Defendant's motion. Upon review, it is clear that Defendant misled the Court and Plaintiff during the scheduling conference and in his Motion for Extension of Time, in that Defendant's instant motion clearly is not a pre-discovery motion for partial summary judgment, as was Defendant's stated intention at the status conference. Instead, it is clear that Defendant has filed a motion to dismiss all of Plaintiff's claims. Attached Plaintiff Exhibit A provides a copy of the first two pages of Defendant's motion, as received by Plaintiff by mail, in which it is stated, in part, that *defendant...moves for dismissal of plaintiff's conspiracy claim...(and) moves to dismiss or for summary judgment on plaintiff's remaining claims....*

In light of Defendant's unworthy behavior of misrepresenting his intentions before the Court and to Plaintiff, Plaintiff respectfully requests that the Court deny Defendant's instant motion

---

[3] To Plaintiff, this was another clear indication that it was the Court's understanding that Defendant would be filing a pre-discovery motion for partial summary judgment.

[4] To Plaintiff, this was another clear indication that it was still the Court's understanding that Defendant would be filing a pre-discovery motion for partial summary judgment.

and relieve Plaintiff from responding. Plaintiff simply cannot respond, and should not be expected to do so by the Court, within eleven days, under the stated circumstances.[5]

In addition to denying Defendant's motion for misrepresentations Defendant made before the Court, Plaintiff also respectfully requests that the Court place those sanctions as mentioned in Plaintiff's memorandum of October 11, 2005 [#15], on Defendant.

Respectfully Submitted,

*Maria V. Carmona*

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland 20723
(301) 490-4328

---

[5] Plaintiff reminds the Court that her case involves those claims, issues, and matters, to include numerous denials of merited promotions, that Plaintiff raised in five of the eighteen formal EEO complaints that Plaintiff has been forced to file to date against the Secretary of the Treasury and all since December 1995.