UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA V. CARMONA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-1194 (JGP) |
| ) | (Related Case: Civil Action No. 04-0589(JGP)) |
| JOHN W. SNOW, ) | |
| Secretary of the Treasury, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

On September 30, 2005, defendant, John W. Snow, Secretary of the Treasury, moved to dismiss this suit or for summary judgment. Instead of appropriately responding to the motion pursuant to Local Rule 7 and Fed. R. Civ. P. 56, plaintiff references her October 17, 2005 "Memorandum Regarding Defendant's Misrepresentations to the Court" and states that she has no further response at this time until the Court decides this Memorandum. Plaintiff's "response" to defendant's dispositive motion is inexcusably deficient. She essentially refused to submit a timely response because defendant moved for disposition on all of plaintiff's claims as clearly allowed by Fed. R. Civ. P. 56(b), and seeks sanctions against defendant for his litigation decision in this regard. Regardless of whether defendant's counsel stated that defendant would move to dismiss on all or on certain of plaintiff's claims at the September 20, 2005 status conference[1],

---

[1]Defendant's counsel believes that she stated at the September 20, 2005 status conference that, at the very least, certain of plaintiff's claims are appropriate for dismissal. Upon closer review of the record, defendant concluded that dismissal of this entire case or summary disposition in defendant's favor on all of plaintiff's claims was appropriate, and accordingly, sought such relief in his Motion to Dismiss or for Summary Judgment. See Fed. R. Civ. P. 56(b)("A party against whom a claim....is asserted or a declaratory judgment is sought *may, at any time*, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.")(emphasis added). Contrary to plaintiff's urging in her October 17, 2005 Memorandum, defendant should not be penalized for this eminently reasonable, litigation

(continued...)

plaintiff is not relieved of her obligation to provide a timely responsive opposition. The Court has already ruled on plaintiff's October 11 Memorandum declining to grant plaintiff's request for sanctions against defendant, see Carmona v. Snow, Civil Action No. 05-1194(JGP)(D.D.C. October 13, 2005)(Order), and defendant respectfully requests that the Court reach a similar determination on plaintiff's October 17 memorandum for sanctions. Further, the relief requested in plaintiff's October 17 Memorandum (i.e., sanctions for alleged misrepresentations regarding the scope of defendant's motion) was unrelated to, and not an impediment to addressing, the merits of defendant's dispositive motion, and therefore, an inadequate basis upon which to refuse to respond to defendant's timely motion. Accordingly, given that plaintiff has refused to provide a timely response to the meritorious arguments made in defendant's motion for legally deficient and factually unsupportable reasons, defendant's motion should be deemed conceded and judgment granted to defendant.

**ARGUMENT**

**I.   Summary Disposition in Defendant's Favor is Appropriate.**

Summary judgment is granted by the Court after examination of applicable "pleadings, depositions, answers to interrogatories, admissions on file, and affidavits" and determination by the Court that there is no genuine issue as to any material fact and thus the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247.

---

[1](...continued)
decision. Del Canto v. ITT Sheraton Corp., 865 F.Supp. 934, 939-940 (D.D.C. 1994)("*Rule 11 sanctions is specifically designed to deter groundless litigation tactics and stem needless litigation costs to courts and counsel.*")(quoting Westmoreland v. CBS, Inc., 770 F.2d 1168, 1179 (D.C.Cir. 1985))(emphasis added); Greenfield v. District of Columbia, 623 F.Supp. 47, 50 (D.D.C. 1985)(sanctions are appropriate only where the offending party has acted at least in bad faith.)

It is the responsibility of the nonmoving party to show that genuine issues exist for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must state specific facts or present some objective evidence that would enable the court to find she is entitled to relief. As the Supreme Court noted,

> If the evidence is merely colorable, ... or is not significantly probative, ... summary judgment may be granted ... [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 252.

"[A] court need not give credence to 'mere allegations,' or draw inferences where they are implausible or not supported by 'specific facts.'" Id. at 249. In this instance, plaintiff has not provided any argument whatsoever as to why defendant's motion should not be granted. She completely ignored her obligations under Rule 56 of the Federal Rules of Civil Procedure - a relevant portion quoted in defendant's motion - demonstrating that there are material issues in dispute for purposes of defeating defendant's motion. Her response, i.e., requesting that the Court relieve plaintiff of her obligation to respond until the Court rules on her Memorandum for sanctions is without merit. Indeed, plaintiff's lack of response is telling, i.e., it can be fairly construed as a delaying tactic to avoid the inevitable given the arguments raised in defendant's motion. Accordingly, given plaintiff's deficient "opposition," defendant's motion should be deemed conceded, and plaintiff's case dismissed or summary judgment granted in defendant's favor. Fox v. American Airlines, Inc., Civil Action No. 02-2069(RMU), 2003 WL 21854800 (D.D.C. Aug. 5, 2003), motion to amend denied by, 295 F.Supp.2d 56 (D.D.C. 2003), aff'd, 389 F.3d 1291 (D.C. Cir. 2004)("...when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat these arguments as conceded, even when the result is dismissal of the entire case.")(citation omitted); accord Brown v. District of Columbia, 251 F.Supp.2d 152, 162 (D.D.C. 2003).

II. **Plaintiff's Failure to Comply with Local Rule 7(h) Further Supports Judgment in Defendant's Favor.**

In this Court, Rule 56 of the Federal Rules of Civil Procedure is supplemented by Local Rule 7(h), which provides, in relevant part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the recrd relied on to support the statement. **An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues** setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . .**In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.**

The purpose of this rule is to assist the district court in maintaining docket control and to decide motions for summary judgment "efficiently and effectively." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150 (D.C. Cir. 1996). As the D.C. Circuit explained in Gardels v. Central Intelligence Agency, 637 F.2d 770 (D.C. Cir. 1980), with regard to the predecessor local rule identical to Local Rule 7(h):

> Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement. The opponent then has the opportunity to respond by filing a counterstatement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.

In Twist v. Meese, 854 F.2d 1421, 1425 (D.C. Cir. 1988), cert. denied sub nom. Twist v. Thornburgh, 490 U.S. 1066 (1989), the court noted that a district court is not "obligated to sift through [the record] in order to make [its] own analysis and determination of what may, or may not, be a genuine issue of material fact." This "burden is on the parties and their counsel, who are most familiar with the litigation and the record, to crystalize for the district court the material

4

facts and relevant portions of the record." Id.; see also Moore v. Hartman, 332 F.Supp.2d 252, 255 (D.D.C. 2004).

The importance of filing a proper Rule 7(h) statement is well established and a failure to comply "may be fatal to the delinquent party's position." Gardels, 637 F.2d at 773; Jackson, 101 F.3d at 151. Indeed, if a party fails to comply with Local Rule 7(h), the court should "deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule LcvR 7.1(h) statement." Securities and Exch. Comm'n v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000) citing, Jackson, 101 F.3d at 154; Colbert v. Chao, No. Civ. A. 99-0625, 2001 WL 710114, at *6-7 (D.D.C. June 19, 2001).

In the instant case, plaintiff has failed to properly comply with Local Rule 7(b) and 7(h). Instead of providing a separate concise statement setting forth all the controverted material facts to support an opposition memorandum, plaintiff provides no response at all. Accordingly, defendant's statement of material facts not in dispute which are amply supported by the record should be deemed conceded. See Local Rule 7(h); see also Glovinsky v. Cohen, 983 F.Supp. 1, 3 (D.D.C. 1997). Courts have granted disposition in favor of a moving party in those instances, as here, where the plaintiff is acting pro se and was on notice of her obligations to respond and failed to do so. See Carmona v. Snow, Civil Action No. 05-1194(JGP)(D.D.C. October 13, 2005)(Order)(directing plaintiff to *file her opposition* to defendant's motion by October 24, 2005); Def.'s Mot. Summ. J. at 1 (Defendant, in his motion states, "[p]laintiff should take notice that any factual assertions contained in the affidavits in support of this motion will be accepted by the Court as true unless plaintiff submits her own declaration or other documentary evidence contradicting the assertions in the attached affidavits. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e)..."); see also Hardy v. Lappin, No.Civ.A. 03-1949(RCL), 2005 WL 670753 (D.D.C. March 31, 2005).

**CONCLUSION**

For reasons stated in defendant's Motion to Dismiss or for Summary Judgment, and herein, defendant respectfully requests judgment in his favor and dismissal of this suit with prejudice.

Respectfully Submitted,

/s/ Kenneth L. Wainstein /dvh

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ R. Craig Lawrence

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell

_____
Of Counsel:                         BEVERLY M. RUSSELL, D.C. Bar #454257
Cynthia Langwiser, Esq.             Assistant United States Attorney
U.S. Department of the Treasury     U.S. Attorney's Office
                                    555 4th Street, N.W.
                                    Washington, D.C. 20530

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of ***Defendant's Reply to Plaintiff's Motion to Dismiss or for Summary Judgment*** was made by the Court's Electronic Case Filing System and by overnight mail, this <u>31st</u> day of October, 2005 to:

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney