UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

v.

CIVIL ACTION NO. 05cv1194 (JGP)

John W. Snow
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff respectfully submits this response in opposition *to Defendant's Statement of Material Facts Not in Dispute* in his *Motion to Dismiss or for Summary Judgment* [#14].

Plaintiff notes that Defendant's statement lists only four items as material facts. Plaintiff questions the veracity and materiality of these items, which would by no means comprise all of the facts that are material and relevant to Plaintiff's complaint and that should therefore be considered in making a decision in this civil case.

Plaintiff notes that Defendant's *Answer* [#4] was a general denial of Plaintiff's claims; therefore, by definition, there are many genuine issues of material fact that are in dispute that Defendant has not raised in his statement. In addition, Plaintiff submits that the four items listed

by Defendant are in dispute, in part because they contain misrepresentations, false statements, or lack the context needed to evaluate them.

Plaintiff notes that Defendant's positions on three of the four facts that Defendant lists (2-4) are based on an *Unsworn Declaration Under Penalty of Perjury[1]* [#14, D.Ex. 4][2] purportedly executed on July 19, 2002, and submitted to the Court in Defendant's September 30, 2005, *Motion to Dismiss or for Summary Judgment*, in which Assistant Inspector General for Audit Marla A. Freedman committed perjury, knowingly making false statements material to Plaintiff's case. Plaintiff asserts that Defendant's presentation of a false declaration before this Court evidences pretext.

Plaintiff's filing on April 17, 2006, *Plaintiff Statement Regarding Defendant's False Statements and Perjury Before the Court* (P.Ex. 1) provides indisputable evidence of perjury by Defendant to the degree that the Court should find Defendant simply has no standing for defending his summary judgment motion or his long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment against Plaintiff.

In addition, Plaintiff asserts that Defendant is intentionally misleading the court when he couches material facts in the context of only one of the five subject formal administrative EEO complaints as if these facts represent the totality of Plaintiff's complaint, when Defendant knows that they do not.

---

[1] The *Declaration* states that it is made in accordance with the provisions of 28 U.S.C. 1746, and ends with the following statement: *I declare under penalty of perjury that the foregoing is true and correct.*
[2] D.Ex. refers to Defendant Exhibit; P.Ex. to Plaintiff Exhibit.

Plaintiff's position, as discussed above, is presented in detail in Plaintiff's *Response to Defendant's Memorandum of Points and Authorities* (Response-DMPA). A reference to this document is included for each of the four items listed in Defendant's *Statement*.

1. Plaintiff disputes, and challenges the materiality and relevance of this paragraph and of the corresponding exhibit. Ref. Response-DMPA, Section I.A.1., Administrative Complaint, beginning on Pg. 4.

2. Plaintiff disputes. Defendant has misled the Court. Ref. Response-DMPA, Section I.B.2.a., Deputy Assistant Inspector General for Program Audits under Vacancy Announcement Number OIG-01-009, beginning on Pg. 13.

3. Plaintiff disputes. Defendant has misled the Court. Ref. Response-DMPA, Section I.B.2.b., Deputy Assistant Inspector General for Program Audits under Vacancy Announcement Number OIG-01-043, beginning on Pg. 18.

4. Plaintiff disputes. Defendant has misled the Court. Ref. Response-DMPA, Section I.B.2.c., Supervisory Auditor under Vacancy Announcement Number OIG-01-044, beginning on Pg. 20.

In summary, Plaintiff disputes all four items that Defendant claims are material facts not in dispute. As shown in this opposition, with its supporting documentation, there remain significant genuine issues of material fact to be resolved.

Respectfully Submitted,

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland 20723
(301) 490-4328

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

V.                                    CIVIL ACTION NO. 05cv1194 (JGP)

John W. Snow
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC  20220

**PLAINTIFF'S MEMORANDUM
OF POINTS AND AUTHORITIES**

**Brief Background:**  Due to a continuation of a long-term pattern of discrimination, retaliation,

disparate treatment, and a hostile/harassing work environment, Plaintiff properly and timely

requested assignment of EEO counselors on October 18, 2000; September 12, 2001; March 18,

2002; May 9, 2002; and June 26, 2002; for the claims, issues, and matters raised in the

five formal administrative EEO complaints that give rise to this civil action (P.Ex. 2-6),

chronologically the twelfth, thirteenth, fourteenth, fifteenth, and sixteenth of the nineteen formal

administrative EEO complaints Plaintiff has been forced to file to date against Defendant, and all

since December 1995.  Due to no informal resolution during the informal counseling stage,

Plaintiff properly and timely filed her five formal EEO complaints, on December 18, 2000;

December 12, 2001; May 7, 2002; July 18, 2002; and August 21, 2002, respectively.

P.Ex. 8 contains a copy of the acknowledgement letter from Treasury that clearly states the date on which Plaintiff filed her twelfth formal administrative EEO complaint, clearly states the TD number assigned, and clearly states that *...an investigation of the complaint must be completed within 180 days unless the parties agree in writing to extend the period.* Plaintiff notes that she did not extend this period.

Plaintiff notes that Treasury did not acknowledge the four other formal administrative EEO complaints that are also the subjects of this civil case (P.Ex. 2-6).

In Plaintiff's *Memorandum of Points and Authorities* in support of Plaintiff's instant opposition to Defendant's *Motion to Dismiss or for Summary Judgment* [#14], Plaintiff looks to regulations contained at 29 C.F.R. 1614; policies, procedures, and guidance contained in the U.S. Equal Employment Opportunity Commission Management Directive MD-110 (EEOC MD-110); previous EEOC decisions; and holdings by the Supreme Court of the United States.[1]

## EEOC MD 110, CHAPTER 5, AGENCY PROCESSING OF FORMAL COMPLAINTS

### I. AGENCY SHALL ACKNOWLEDGE FORMAL COMPLAINT
Immediately upon receipt of a formal complaint of discrimination, the agency shall acknowledge receipt of the complaint in writing.

---

[1] Plaintiff refers the Court to Supreme Court of the United States holdings in *Roger Reeves, Petitioner v. Sanderson Plumbing Products, Inc.,* No. 99-536, and in *Akos Swierkiewicz, Petitioner v. Sorema N.A.,* No. 00-1853. Both of these cases provide support for the Court finding in favor of Plaintiff's overarching claim that a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment has been committed and that, therefore, Plaintiff is entitled to damages. References to Supreme Court decisions also include all of the cases that are cited therein.

## II. **THE AGENCY SHALL ALSO PROVIDE OTHER INFORMATION AND NOTICE OF RIGHTS**

### A. **Agency Shall Inform the Complainant of the Agency's Obligations**

1. To Investigate in a Timely Manner

The agency is required to investigate the complaint in a timely manner. The investigation must be appropriate, impartial, and completed within **180 days** of filing the complaint....

## EEOC MD 110, CHAPTER 6, DEVELOPMENT OF IMPARTIAL AND APPROPRIATE FACTUAL RECORDS

### I. **INTRODUCTION**

Section 1614.108(b), of Title 29 C.F.R., requires that "the agency shall develop an impartial and appropriate factual record upon which to make findings on the claims raised by the written complaint." An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred. It is indisputably clear that Defendant failed to comply with the above-referenced regulations.[2]

## EEOC MD 110, CHAPTER 7, HEARINGS

### I. **INTRODUCTION** (4th paragraph)

In an agency's written acknowledgment of receipt of a complaint or an amendment to a complaint, the agency shall advise the complainant of the EEOC office and address where a hearing request is to be sent as well as the agency office to which the copy of the request should be sent. In the absence of the required notice from the agency, the complainant may request a hearing at any time after 180 days have elapsed from the

---

[2] In addition to Defendant being required to investigate a complaint within 180 days of its filing, Plaintiff notes that it is also indisputably clear from EEOC Administrative Judge Goode's Order in related case 04cv0589 (JGP), P.Ex. 9, that a plaintiff is not obligated to participate in an investigation after 180 days from the filing of the complaint. Plaintiff also wishes to note that at that time Judge Goode requested no further information from Plaintiff, meaning that Plaintiff had provided in her complaint sufficient information. Plaintiff also notes that Judge Goode did find it necessary to request information from Defendant in that case that Plaintiff believes was never provided by Defendant.

filing of the complaint by submitting his/her written hearing request directly to the
appropriate EEOC district or field office indicated in the agency's acknowledgment
letter. § 1614.108(g).

Evidence indisputably shows that Plaintiff properly and timely filed a request for hearing before

an EEOC administrative judge on TD 01-1155 on July 30, 2001, which was  acknowledged on

July 31, 2001, by EEOC Supervisory Administrative Judge Shih[3] and which was assigned

EEOC No. 100-A2-7098X (P.Ex. 10).  And it is indisputably clear that Judge Shih ordered

Defendant to produce the complaint file within 30 days.  Plaintiff submits that Defendant failed

to comply with Judge Shih's Order.

## EEOC MD 110, CHAPTER 7, HEARINGS

### III. THE ROLE OF THE ADMINISTRATIVE JUDGE

Once an Administrative Judge is appointed, the Administrative Judge has
full responsibility for the adjudication of the complaint.  § 1614.109(a).
The agency cannot dismiss a case that has been referred to the EEOC for
a hearing.  § 1614.107(a)

#### A. <u>Administrative Judge's Review</u>
An Administrative Judge shall determine whether additional documentation is
necessary and may request of the appropriate party the production of any additional
documentation.

---

[3] EEOC administrative judge Shih is the same judge who found that Hispanic is not a national origin in Plaintiff's
initial formal administrative EEO complaint, which was filed on December 14, 1995, ref. #1, P.Ex. B, and evidence
shows in that case that Judge Shih granted a clearly improper summary judgment to Defendant.  Plaintiff wishes to
note that the case referred to here is not a subject in the instant civil action or in any of the other three civil actions
Plaintiff has been forced to file to date against the Defendant, but that it directly goes to and evidences Plaintiff's
conspiracy claims by officials of the United States Government to deny Plaintiff her civil right to equal employment
opportunity.

Defendant states under *Administrative Complaint* in his *Motion* [#14, MPA, Pgs. 2, 3] that *By letter dated May 17, 2002, Ms. Deborah W. Jenkins, Acting Director, Treasury Complaint Center, informed plaintiff that the following claims were accepted for investigation:...* (The rest of the text is omitted due to it not being material.)

As discussed above, Plaintiff asserts that by regulation Defendant clearly had no right to investigate the complaint. It is indisputably clear that, in accordance with the regulations, Defendant was required to investigate Plaintiff's complaint within 180 days from of its filing, but chose not to do so.

It is indisputably clear that on July 31, 2001, EEOC Supervisory Administrative Judge Shih had accepted full responsibility for adjudication of the complaint (P.Ex. 10); and that, as such, it was Judge Shih's sole responsibility in accordance with the regulations to determine whether additional documentation was needed from either party. Plaintiff notes that Judge Shih did not request any additional information from Plaintiff.

The three claims listed by Defendant do not correctly or completely represent the claims made by Plaintiff in the five formal administrative EEO complaints filed by Plaintiff that are the subjects of this civil case (P.Ex. 2-6). As stated previously, Section 1614.108(b), of Title 29 C.F.R., requires that *the agency shall develop an impartial and appropriate factual record upon which to make findings on the claims raised by the written complaint*. The

regulations clearly do not state that the Defendant can simply pick and choose or otherwise misrepresent the claims raised by the written complaint.[4]

Plaintiff is unaware of any additional information from that contained in her five formal administrative EEO complaints that was solely under Plaintiff's control that would have been required for Defendant to conduct a proper and timely investigation in accordance with the regulations.

In further regards to the above with special consideration given to Defendant's pretext and perjury (P.Ex. 1), Plaintiff cites Supreme Court of the United States, No. 99-536, *Roger Reeves, Petitioner v. Sanderson Plumbing Products, Inc.,* [June 12, 2000], in which Justice O'Connor delivered the opinion of the Court.

In reaching this conclusion, however, we reasoned that it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation. Specifically, we stated:

"The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination."
Id., at 511.
Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. See *id.,* at 517 ("[P]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination").

---

[4] Defendant has exhibited a long-term pattern and practice of restating, misstating, and/or providing an incomplete statement of the claims, issues, and matters raised by Plaintiff in her formal administrative EEO complaints.

In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." *Wright* v. *West,* 505 U. S. 277, 296 (1992); see also *Wilson* v. *United States,* 162 U. S. 613, 620-621 (1896); 2 J. Wigmore, Evidence §278(2), p. 133 (J. Chadbourn rev. ed. 1979). Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Cf. *Furnco Constr. Corp.* v. *Waters,* 438 U. S. 567, 577 (1978) ("[W]hen all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with *some* reason, based his decision on an impermissible consideration"). Thus, a plaintiffs prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

In addition in *Reeves v. Sanderson* Justice O'Connor wrote,

In the analogous context of summary judgment under Rule 56, we have stated that the court must review the record "taken as a whole." *Matsushita Elec. Industrial Co.* v. *Zenith Radio Corp.,* 475 U. S. 574, 587 (1986). And the standard for granting summary judgment "mirrors" the standard for judgment as a matter of law, such that "the inquiry under each is the same." *Anderson* v. *Liberty Lobby, Inc.,* 477 U. S. 242, 250-251 (1986); see also *Celotex Corp.* v. *Catrett,* 477 U. S. 317, 323 (1986). It therefore follows that, in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Lytle* v. *Household Mfg., Inc.,* 494 U. S. 545, 554-555 (1990); *Liberty Lobby, Inc., supra,* at 254; *Continental Ore Co.* v. *Union Carbide & Carbon Corp.,* 370 U. S. 690, 696, n. 6 (1962). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Liberty Lobby, supra,* at 255. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. See Wright & Miller 299.

7

Plaintiff respectfully submits, based on the nature and extent of Defendant's pretext and perjury in this case (P.Ex. 1), that there is very little from Defendant that this Court or a jury should believe in this case or in any of Plaintiff's other cases, that Defendant was not and is not entitled to summary judgment, and that Plaintiff is entitled to all damages requested.

Defendant's statement at the bottom of page 20 of his motion that plaintiff's claims are limited to those accepted for investigation (Ex. 2) – allegations related to office space, the three nonselections and disparate impact – and all other claims described in plaintiff's civil complaint should be dismissed for failure to exhaust administrative remedies simply lacks any semblance of substance or logic.  EEOC MD 110, CHAPTER 6, DEVELOPMENT OF IMPARTIAL AND APPROPRIATE FACTUAL RECORDS I.  INTRODUCTION Section 1614.108(b), of Title 29 C.F.R., requires that "the agency shall develop an impartial and appropriate factual record upon which to make findings on the claims raised by the written complaint." An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred.

**Point:** Evidence clearly shows that Defendant violated the regulations and purposefully misrepresented before this Court Plaintiff's filings and the claims made in the five formal administrative EEO complaints that are the subjects in the instant civil action. Plaintiff asserts that Defendant knowingly came to Court believing that he could get five of Plaintiff's formal administrative EEO complaints dismissed while misrepresenting to the Court

8

all five of the complaints Plaintiff had filed; misrepresenting all of the claims, issues, and matters
that Plaintiff had raised in the five complaints; and misrepresenting all of the evidence Plaintiff
had provided in the five complaints that are the subjects in the instant civil action.

> **Point:** Plaintiff asserts that none of her nineteen formal EEO complaints have ever been
> investigated in a proper and timely manner, i.e., within 180-days of their filing dates, and
> some, like those in 01cv0115(CKK), were not investigated at all.

The failure of an agency, in Plaintiff's circumstances this applies to Treasury and to the EEOC,
to comply with its own regulations or policy and procedure manuals may be evidentiary of
discrimination. *Wilgenhof v. U.S. Postal Service*, 01840413, 1258/C14 (1985).

> **Point:** Plaintiff asserts that evidence clearly shows that officials at Treasury and officials
> at the EEOC have exhibited a pattern and practice of not following their own regulations
> or policy and procedure manuals, and have, in fact, conspired to deny Plaintiff her civil
> right to equal employment opportunity.

The Commission generally has held that an agency will not be permitted to hide behind an
acceptance letter to reject allegations by failing to plainly reject the allegations and to give the
appellant proper appeal rights. *Jayme v. Attorney General*, 01941376, 4445/E8 (1995), citing
*Sumter v. Dep't of the Interior*, EEOC Request No. 05940500 (November 18, 1994); *Mosby v.
United States Postal Service*, EEOC Appeal No. 01913992 (December 20, 1991); *Jozlin v. Dep't
of Veterans Affairs*, EEOC Appeal No. 01920040 (February 12, 1992).

This means that an agency may not advise a complainant only of the issues accepted for investigation and then later argue that all other issues were dismissed, as Defendant has clearly attempted to do in the instant case. If an issue is dismissed, the agency must explicitly tell the complainant of its dismissal and advise the complainant of his or her appeal rights.

> **Point:** Plaintiff asserts Defendant did not properly address all of the claims, issues, and matters raised in Plaintiff's five formal EEO complaints and attempted to hide behind his acceptance letter in order to not address all of the issues in all of the complaints directly. Defendant then comes to court stating in its Memorandum of Points and Authorities that *plaintiff's claims are limited to those accepted for investigation...and all other claims described in plaintiff's civil complaint should be dismissed for failure to exhaust administrative remedies.* [#14 *C. pg. 19-20* ] This is simply a frivolous claim by Defendant.

In addition, the agency must explicitly notify the complainant of what issues are being accepted and what issues are being rejected prior to investigation of the complaint. The agency also must notify the complainant that any rejection of issues is a final agency decision subject to review by the EEOC and the applicable time limits for filing an appeal. *Schenker v. Postmaster General*, 05880108, 1998/C5 (1988).

10

> **Point:**  Plaintiff asserts Defendant did not notify Plaintiff of the status, i.e.,
> acceptance or dismissal, of all of the issues in her five formal administrative EEO
> complaints.

When an agency dismisses a complaint, the burden of proof, on appeal, is on the agency to "have
evidence or proof to support its final decision." *Pruitt v. Secretary of Veterans Affairs*,
01934793, 3906/A2 (1993).

> **Point:**  Plaintiff asserts Defendant failed to meet his burden of proof in dismissing
> Plaintiff's five formal administrative EEO complaints.  Plaintiff asserts Defendant
> conducted no proper and timely investigations, i.e., within 180 days of the dates of filing
> of each of the five formal administrative EEO complaints, and thus had no evidence or
> proof to support his final decisions before dismissing Plaintiff's five formal
> administrative EEO complaints.

The agency has an obligation to channel properly complaints of discrimination brought to its
attention and may not rely on technical interpretations when dealing with laymen employees
unassisted by legal counsel.  *Czecha v. Department of Commerce*, 01831797, 1076/F3 (1984).
"A layman is not required to make sophisticated legal allegations to validate a complaint."
*Dunker v. Department of Navy*, 01831878, 1079/A1 (1983).

11

**Point:** Plaintiff, who has been and is proceeding *pro se*, asserts that the claims, issues,

and matters raised in her five formal administrative EEO complaints were sufficient to

validate the formal EEO complaints.

The agency is "required to thoroughly investigate a complaint of unlawful discrimination before

it issues a decision on the merits of the complaint." *Martin v. U.S. Postal Service*, 01821981,

1032/A12 (1983). "The EEO administrative process is not intended to be an adversarial one,

pitting complainant against his or her employer." *Bell v. Postmaster General*, 01903356,

2757/G2 (1990). As such, there is no requirement that a complainant allege a formal *prima facie*

case in order to have her complaint accepted for investigation. The complainant only is required

to raise "an issue from which she is aggrieved." When the agency has the information sought in

its own records, it may not dismiss the complaint due to a failure to cooperate on the part of the

complainant. *Syphax v. Department of Labor*, 01872054, 1781/D4 (1987). The agency has an

obligation to review its own records and the investigator has an obligation to elicit information

relevant to the complaint from the agency. See also *Luyando v. Secretary of Treasury*,

05890883, 2397/C3 (1989). In *Brinson v. United States Postal Service*, 05900193, 2582/C6

(1990), the Commission held that it was error for an agency to cancel a complaint for failure to

provide information where the information being sought had already been provided by the

complainant. An agency may rely on a sufficiently specific complaint, as in Brinson, since it is a

complainant's signed statement.

12

**Point:** Plaintiff asserts she provided sufficient information and in sufficient detail in her five formal administrative EEO complaints as filed for Defendant to proceed with a proper and timely investigation before Defendant dismissed her formal EEO complaints. It is noted Defendant conducted no proper and timely investigations, i.e., within 180 days of the dates of filing, into the claims, issue, and matters raised by Plaintiff in any of her five subject formal EEO complaints.

In further response to Defendant's FRCP 12(b)(1) claim of a lack of jurisdiction over the subject matter, the Court has jurisdiction because there is a U.S. Government Defendant, Defendant issued a Final Agency Decision(FAD), and the EEOC notified Plaintiff she had no further right to administrative appeal and notified Plaintiff she had the right to file a civil action in an appropriate United States District Court in pursuit of legal remedies.

**Point:** Plaintiff notes that Defendant filed his FRCP 12(b)(1) after he filed his answer. Concerns regarding jurisdiction should be filed prior to filing an answer.

Regarding the issuance of a FAD by the agency, and Defendant's claim that Plaintiff failed to exhaust her administrative remedies, Plaintiff offers the following. A federal employee alleging discrimination must file a district court complaint within ninety days of exhausting his or her administrative remedies. See 42 U.S.C. 2000e-16(c); see also *Waiters v. Parsons*, 729 F.2d 233,

237 (3d. Cir. 1984). An employee exhausts his administrative remedies upon receipt of a final agency decision. *Waiters*, 729 F.2d at 237.[5]

> **Point:** It is clear the law considers that the issuance of a FAD by the agency was an exhaustion of Plaintiff's administrative remedies.

It is clear, therefore, that Defendant's motion to dismiss for failure to exhaust administrative remedies lacks merit, as it did in 01cv0115(CKK).

> **Point:** Plaintiff asserts it is clear Defendant's motion to dismiss under FRCP 12(b)(1) and FRCP 12(b)(6) lack merit and should be denied.

In addition, Plaintiff offers the following discussion in an attempt to ensure Plaintiff has complied in every possible manner to oppose Defendant's motion.

**Standard for Dismissal Under Rule 12(b)(1) Lack of Jurisdiction Over the Subject Matter**

Pursuant to FRCP 12(b)(1), a district court can grant dismissal based on the legal sufficiency of a claim. Dismissal is proper only when the claim clearly appears to be either immaterial and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3rd. Cir.), cert. denied, 501 U.S. 1222 (1991). When the subject matter jurisdiction of the court is challenged, the party that invokes the court's jurisdiction bears the burden of persuasion. *Kehr Packages*, 926 F.2d

---

[5] This material fact was true in the three formal administrative EEO complaints that are the subjects in 01cv0115 (CKK). It is also true in the four EEO complaints that are the subjects in related case 04cv0589 (JGP), in the five that are the subjects in the related instant case; and in the one formal administrative EEO complaint in related case 05cv2428 (JGP). Defendant issued a final agency decision in all cases before Plaintiff came to court. With respect, therefore, Judge Kollar-Kotelly's decision to grant Defendant summary judgment in 01cv0115 (CKK) while finding Plaintiff failed to exhaust administrative remedies is questionable.

14

at 1409 (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).

Moreover, the district court is not restricted to the face of the pleadings, but may review any

evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United*

*States*, 850 F.2d 558, 560 (9th Cir. 1988) (citations omitted), cert. denied, 489 U.S. 1052 (1989).

It is Plaintiff's understanding that Defendant's FRCP 12(b)(1) motion to dismiss for failure to

exhaust administrative remedies challenges the court's power to determine the subject of the

controversy; thus, an order granting an FRCP 12(b)(1) motion to dismiss is not a decision on the

merits. It is Plaintiff's understanding that courts prefer to resolve disputes on the merits. It is

Plaintiff's understanding that if an FRCP 12(b)(1) motion to dismiss raises fact issues about the

merits of the claim, the court can grant the motion only if there is no genuine issue of material

fact that entitles the movant to prevail as a matter of law (a standard similar to that of summary

judgment). *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir.1983); *Hulsey v. Gunn*, 905 F.Supp.

1067m 1070 (N.D. Ga.1995).

> **Point:** It is Plaintiff's understanding that Defendant, by raising lack of jurisdiction,
>
> is pleading that the Court lacks the authority to grant Defendant's summary judgment
>
> motion. Plaintiff agrees. Defendant's FRCP 12(b)(1) motion lacks merit due to
>
> Defendant filing an answer under which conditions it is clear Defendant accepted that the
>
> court has jurisdiction over Plaintiff's claims.

Plaintiff notes that Defendant raised issues of material fact in his motion.

15

**Point:** Plaintiff asserts that genuine issues of material fact remain in dispute such that summary judgment cannot be granted. Plaintiff asserts that, as such, Defendant's motion under FRCP 12(b)(1) lacks merit.

## Standard for Dismissal Under Rule 12(b)(6) Failure to State a Claim Upon Which Relief Can Be Granted

FRCP 8(a)(2) requires that a Plaintiff's Complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief...." Accordingly, the Plaintiff does not have to "set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In other words, the Plaintiff need only "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Id.*

**Point:** Plaintiff asserts she sufficiently satisfied this condition at the time of filing of the civil complaint.

When considering a motion to dismiss a Complaint for failure to state a claim under FRCP 12(b)(6), the Court must "accept as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) ... is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988)); see *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 2490250 (1989). The Court will only dismiss the complaint if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations.'" *H.J. Inc.*, 492 U.S. at 249-50 (quoting *Hishon v. King & Spalding* 467 U.S. 69, 73 (1984)).

> **Point:** Plaintiff asserts that genuine issues of material fact remain in dispute and asserts that Plaintiff has provided sufficient evidence consistent with the allegations to get her claims before a jury. Plaintiff asserts that, as such, Defendant's motion under FRCP 12(b)(6) lacks merit.

**Defendant's Claim, in the Alternative, for Summary Judgment under FRCP 56**

It is the Plaintiff's understanding that the purpose of summary judgment under FRCP 56 is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). To accomplish this, summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 568,9360 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553 (1986). The Supreme Court identified the burden of proof for summary judgment in the following frequently cited trilogy of cases: *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348 (1986). The burden of proof in a summary judgment proceeding is on the same party who would bear the burden of proof at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. After adequate

17

time for discovery has passed,[6] the district court may grant summary judgment against a party

who cannot establish the existence of an element essential to that party's case and that the party

will bear the burden of proving at trial. *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552; see

Fed.R.Civ.P. 56(c). The district court must resolve all reasonable doubts about the facts in favor

of the non-movant. *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996); *Pocchia v. NYNEX Corp.*,

81 F.3d 275, 277 (2d Cir.1996); *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir.1995). Therefore, the

movant must prove there is no genuine issue about any material fact and that it is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(c); Irby, 44 F.3d at 953; *Campbell v. Hewitt,*

*Coleman & Assocs.*, 21 F.3d 52, 55 (4th Cir.1994).

Defendant, by his own admission, clearly demonstrates that genuine issues exist as

to material facts when, in Defendant's Answer to Complaint, Defendant filed what amounts to a

general denial of Plaintiff's claims and when taken in light of Defendant's pretext and perjurious

statements (P.Ex. 1) it is clear that summary judgment simply cannot be granted to Defendant.

> **Point:** Plaintiff asserts that summary judgment is inappropriate because genuine issues
> of material fact are clearly in dispute and Defendant has exhibited indisputable examples
> of pretext and has committed perjury before this court.

Defendant simply cannot deny Plaintiff's claims with no supporting evidence, pretext and

perjury are not acceptable defenses, and then claim there is no genuine issue of material fact in

dispute. It is Plaintiff's understanding that a "genuine" issue is one that can be resolved only by a

---

[6] Plaintiff notes that Defendant was nonresponsive. Ref. related case 04cv0589 (JGP), #62, Exhibit B.

trier of fact because it may be resolved in favor of either party. *Anderson*, 477 U.S. at 248-49,

106 S.Ct. at 2510. A genuine issue exists when a reasonable jury could resolve the disputed fact

in favor of, or in the manner described by, the non-movant. *Jenkins v. Wood*, 81 F.3d 988, 990

(10th Cir.1996); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th

Cir.1996).

> **Point:** Plaintiff asserts that she has presented sufficient evidence to get her claims
>
> before a jury.

In conclusion, as stated earlier, the Supreme Court of the United States has held that:

> An employment discrimination complaint need not contain specific facts establishing a
>
> prima facie case under the *McDonnell Douglas* framework, but instead must contain only
>
> a short and plain statement of the claim showing that the pleader is entitled to relief,
>
> Fed. Rule Civ. Proc. 8(a)(2). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506

In addition, the Supreme Court has held that:

> Rule 50 requires a court to render judgment as a matter of law when a party has been fully
>
> heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to
>
> find for that party on that issue. The standard for judgment as a matter of law under Rule 50
>
> mirrors the standard for summary judgment under Rule 56. Thus, the court must review all
>
> of the evidence in the record, cf., *e.g., Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*,
>
> 475 U.S. 574, 587, drawing all reasonable inferences in favor of the nonmoving party, but
>
> making no credibility determinations or weighing any evidence, *e.g., Lytle v. Household*

19

*Mfg., Inc.,* 494 U.S. 545, 554-555. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133.

> **Point:** It is clear that in deciding *Reeves* the Supreme Court clarified several issues that are relevant to Plaintiff's case, and that this decision made it easier for employees to prove that they were victims of on-the-job discrimination, or at least to get their claims before a jury. Employees can win such lawsuits without direct evidence of an employer's illegal intent, the court ruled unanimously.

Plaintiff asserts that she has placed sufficient evidence on the record to deny Defendant summary judgment and to get her claims, i.e., a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment and conspiracy before a jury.

Without dispute, Plaintiff is a highly-credentialed highly-experienced Hispanic Female over the age of 40 with over 20 years of experience with the Treasury OIG who has been denied merited career advancement, for illegal reasons, by officials at Treasury and by officials at the EEOC. The evidence is simply indisputable in this regard.

Plaintiff asserts that, once a reasonable jury has seen all of the evidence, to include that evidence which is under the control of Defendant and has not been provided, and once a

reasonable jury has been able to view and assess the credibility, motives, and intent of officials

of the United States government, the jury will find overwhelmingly for Plaintiff on all claims.

Respectfully Submitted,

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland  20723
(301) 490-4328

21

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

      V.                                   CIVIL ACTION NO. 05cv1194 (JGP)

John W. Snow
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC  20220

### PLAINTIFF'S STATEMENT OF GENUINE ISSUES
### OF MATERIAL FACT THAT ARE IN DISPUTE

Plaintiff respectfully submits this *Plaintiff's Statement of Genuine Issues of Material Fact That Are In Dispute*, noting that these are only some of the many facts that are material and relevant to Plaintiff's case.

It is Plaintiff's understanding that movant, i.e., Defendant, must prove there is <u>no</u> genuine issue about <u>any</u> material fact and that he is entitled to judgment as a matter of law.  It is Plaintiff's understanding that the district court must resolve all reasonable doubts about the facts in favor of the non-movant, i.e., Plaintiff.  It is also Plaintiff's understanding that she must set forth specific facts showing there is a genuine issue of material fact for trial in order to overcome Defendant's motion for summary judgment.

Plaintiff submits that she has proven that there are, in fact, many genuine issues of material fact in dispute such that Defendant's *Motion to Dismiss or for Summary Judgment* [#14] should be denied.

In presenting material facts that are in dispute, Plaintiff begins by listing some of the false statements by Defendant that have been identified by Plaintiff as of the date of filing, based on available information.

Given that Defendant presents these false statements as facts in this case, it is clear that there are genuine issues of material fact for trial. Plaintiff claims that Defendant has knowingly misled the Court repeatedly regarding material and relevant facts in his explanations for actions taken against Plaintiff. Plaintiff also claims pretext by Defendant, as demonstrated in part by his presentation before the Court of the false declaration discussed below.

In an *Unsworn Declaration Under Penalty of Perjury*[1] purportedly executed on July 19, 2002 [#14, D.Ex. 4],[2] Assistant Inspector General for Audit (AIGA) Marla A. Freedman knowingly made false statements and misrepresentations material to Plaintiff's case, as follows. Plaintiff disputes each statement by Freedman that is shown below, and cites the lines that refute

---

[1] The *Declaration* states that it is made in accordance with the provisions of 28 U.S.C. 1746, and ends with the following statement: *I declare under penalty of perjury that the foregoing is true and correct.*
[2] D.Ex. refers to Defendant Exhibit.

them in the *Plaintiff Statement Regarding Defendant's False Statements and Perjury Before the Court*, filed on April 17, 2006, and included here as P.Ex. 1.[3]

1.  *When I[4] was Deputy Assistant Inspector General for Audit, my supervisory relationship with the complainant was second line supervisor.* [#14, D.Ex. 4, Pg. 2]

Plaintiff disputes at P.Ex. 1, Lines 36-113, with corresponding sub-exhibits P.Ex. A-G.

2.  *...(I have attached the drawing of the floor plan that we used to assign space.) Shortly, after moving into her new office, she told me that she measured her office in comparison with the one next to it, which was assigned to Alex Best ..., claimed that Mr. Best's was some number of inches larger, and asked to be switched. ...Alex Best had already unpacked his things.* [#14, D.Ex. 4, Pg. 3]

Plaintiff disputes at P.Ex. 1, Lines 117-125, with corresponding sub-exhibit P.Ex. I.

3.  *The determination of office space was based on seniority (time-in-grade/length of service), for the most part. There were some exceptions because we tried to keep (1) disruptions to a minimum and (2) related Directorates together as best we could.* [#14, D.Ex. 4, Pg. 3]

Plaintiff disputes at P.Ex. 1, Lines 126-150, with corresponding sub-exhibit P.Ex. H.

4.  *Since then, Ms. Carmona has been given two opportunities to move into larger office space and declined both offers. The first time she was offered larger space was in*

---

[3] P.Ex. refers to Plaintiff Exhibit. The *Plaintiff Statement* at P.Ex. 1 contains 17 sub-exhibits, labeled A through Q, which provide indisputable supporting evidence.

[4] For Par. 1-11, the pronoun *I* refers to Freedman; the language in italics is from her *Declaration* [#14, D.Ex. 4].

*November 2001, and (sic) second was in May 2002.... Since she declined both offers,*

*I assumed she was happy with her space.* [#14, D.Ex. 4, Pgs. 3-4]

Plaintiff disputes at P.Ex. 1, Lines 152-172, with corresponding sub-exhibit P.Ex. J.

**5.**     *I became aware of Ms. Carmona's involvement in this complaint on June 17, 2002....*

       [#14, D.Ex. 4, Pg. 4]

Plaintiff disputes at P.Ex. 1, Lines 176-184, with corresponding sub-exhibit P.Ex. J.

**6.**     *...I considered the relevancy of Mr. Best's experience. In addition, to working in the*

       *Enforcement audit area for sometime, he had direct prior work experience with one*

       *of our law enforcement bureaus....* [#14, D.Ex. 4, Pg. 7]

Plaintiff disputes at P.Ex. 1, Lines 194-220, with corresponding sub-exhibits P.Ex. K-L.

**7.**     *In general Mr. Best has consistently come through on every task to which he's been*

       *assigned. ...he led the President's Committee (sic) on Integrity and Efficiency*

       *(PCIE) government-wide audit of debt collection improvement act results. ... I should*

       *also point out that as difficult as it was, all timeframes were met on that assignment.*

       [#14, D.Ex. 4, Pg. 7]

Plaintiff disputes at P.Ex. 1, Lines 222-287, with corresponding sub-exhibits P.Ex. M-Q.

8.    *Also, I did give consideration to a number of unsolicited positive/supportive*

*comments provided to me by peers and subordinates of Mr. Best....*

[#14, D.Ex. 4, Pg. 7]

Plaintiff disputes at P.Ex. 1, Lines 289-309.

9.    *Finally, while Ms. Carmona's work is thorough, it is generally not as timely as the*

*work of others at her grade level.*  [#14, D.Ex. 4, Pg. 7]

Plaintiff disputes at P.Ex. 1, Lines 311-364, with corresponding sub-exhibits P.Ex. B, D, K.

10.    *I don't know the national origin of any of the selections.* [#14, D.Ex. 4, Pg. 9]

Plaintiff disputes at P.Ex. 1, Lines 369-425, with citations to applicable law/directives.

11.    *...management has unequivocally NOT manipulated the personnel system in violation*

*of the merit system principles.* [#14, D.Ex. 4, Pg. 10]

Plaintiff disputes at P.Ex. 1, Lines 377-425, with citations to applicable law/directives.

––––––––––––––––––

In addition, in his *Answer* [#4] Defendant denied a number of material facts in Plaintiff's

complaint, by definition identifying genuine issues of material fact that are in dispute, some

examples of which are summarized in Par. 12-27 below.[5]  Plaintiff disputes all of these denials

by Defendant, and asserts that Defendant's own records contain evidence in support of these

claims.  It should be noted that Plaintiff requested such evidence in discovery, but Defendant was

––––––––––––––––––

[5] See referenced lines in Plaintiff's complaint for full text.

nonresponsive to her discovery requests [Ref. 04cv0589 (JGP), #62, Exhibit B].   Plaintiff

submits that, by Defendant's denials, these are genuine issues of material fact that are in dispute.

12.   Defendant denies that Defendant, his staff, and his predecessors and their staffs, have

committed, and are being allowed to commit, along with other officials of the United

States government, a long-term pattern of discrimination, retaliation, disparate

treatment, and a hostile/harassing work environment against Plaintiff in violation of

Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e

*et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as

amended, 29 U.S.C. § 621 *et seq.*, based on Plaintiff's national origin (Hispanic);

with special consideration given due to Plaintiff being Cuban-American, having been

born in Havana, Cuba; sex (female); age (D.O.B. October 8, 1952); and in reprisal for

Plaintiff engaging in prior statutorily protected activity. [1-9][6]

13.   Defendant denies violating EEOC 29 C.F.R. 1614 (a) and (b).  [10-20]

14.   Defendant denies Plaintiff's claims of conspiracy by officials of the United States

government to deny Plaintiff her civil right to equal employment opportunity. [21-29]

15.   Defendant denies that Plaintiff has exhausted any and all administrative remedies.

[37-39]

---

[6] The references given are to line numbers in Plaintiff's complaint [#1], filed on June 16, 2005.  Defendant used
these line numbers for reference in his answer [#4], filed on August 25, 2005.

Plaintiff asserts that Exhibit A of the civil complaint contains a decision EEOC Office of Federal Operations Director Carlton Hadden to this effect. [30-39]

16.    Defendant denies that since December 1995 (and through June 16, 2005, the date of filing) Plaintiff had been forced to file seventeen formal EEO complaints against Defendant. [F/N 1]

17.    Defendant denies that indisputable evidence exists that clearly shows that in 1989 the Non-Minority White Male senior management team within the Treasury OIG acknowledged that there was a problem with the way diversity was being handled. [66-68]

18.    Defendant denies that an independent external review, for the FY 2001-2003 period, raised numerous management issues, some of which had been raised by two other independent reviews performed by two other Federal agencies, one for the FY 1995-1997 time frame, and the other for the FY 1998-2000 time frame. These long-standing management issues have yet to be addressed. [83-99]

19.    Defendant denies that the *prima facie* case for discrimination is that the Secretary(s) of the Treasury and their management teams have never permanently promoted within the Treasury OIG a qualified Hispanic female in the 511 series (Plaintiff's professional series and the core professional auditor series within the Treasury OIG) beyond the Grade 14. [106-109]

20. Defendant denies that Plaintiff's thirteenth formal administrative EEO complaint, filed on December 12, 2001, was not assigned a TD number by Treasury. [166-169]

21. Defendant denies that Plaintiff's fourteenth formal administrative EEO complaint, filed on May 7, 2002, was not assigned a TD number by Treasury. [170-174]

22. Defendant denies that Plaintiff's fifteenth formal administrative EEO complaint, filed on July 18, 2002, was not assigned a TD number by Treasury. [175-179]

23. Defendant denies that Plaintiff's sixteenth formal EEO complaint, filed on August 21, 2002, which was not assigned a TD number by Treasury officials addressed, in part, claims, issues, and matters regarding other various discriminatory and retaliatory adverse actions taken against Plaintiff. [180-182]

24. Defendant denies that current Deputy Inspector General (DIG) Dennis Schindel, prior to Rush's arrival, made comments in an open forum, attended by Plaintiff and many others, to the effect that he did not know why people kept filing EEO complaints, and that they, the OIG management, were going to do whatever they wanted anyway. Defendant also denies that it was Schindel who left Plaintiff no choice but to file her first formal EEO complaint in her Federal career in 1995 when, as a Deputy Assistant Inspector General (DAIG), he essentially gave Plaintiff two options: one, to perform the Grade 7 level tasks that Plaintiff was being assigned and, two, if she didn't like it, to go through the formal personnel process. [200-207]

8

25.    Defendant denies that Plaintiff performed assigned lower-level and lower-graded

tasks to the best of her ability, while taking direction from lower-graded employees,

for nearly two years, and also, certainly at Schindel's urging, ended up filing

Plaintiff's first formal EEO complaint in her Federal career in the, at the time,

twentieth year of her Federal career. [214-219]

26.    Defendant denies that Plaintiff provided evidence such that the Secretary of the

Treasury has always had sufficient information under which each of Plaintiff's formal

EEO complaints could have been and should have been thoroughly and timely

investigated by the Secretary of the Treasury, but were not. [246-250]

27.    Also, in his *Answer* at Lines 230-240, Defendant includes the following false

statement, *Defendant denies that OIG management officials had knowledge of*

*plaintiff's prior EEO activity until after it received notice in 1996 that plaintiff's first*

*EEO complaint, which was filed in late 1996, was accepted for processing.*

Plaintiff disputes because Plaintiff filed her first formal administrative EEO

complaint during December 1995. Not only that, but Plaintiff had provided

statements, i.e., assisted, fellow employees in support of their EEO matters prior to

her initiating her own formal EEO processes starting in 1995, which Plaintiff

reasonably believes that OIG management officials would have had knowledge of.

---

9

Defendant's *Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or for Summary Judgment* [#14], including its exhibits, also raises genuine issues of material fact that remain in dispute such that they can only be resolved by a jury, as follows.

**28.**    Defendant claims in his *Memorandum* that *on or around December 18, 2000, plaintiff filed an administrative complaint alleging discrimination and retaliation.* [Pg. 2]

Plaintiff disputes. Plaintiff has provided evidence that Defendant knew the date of filing of Plaintiff's twelfth complaint to be December 18, 2000, and that Plaintiff filed five formal administrative EEO complaints that are the subjects of the instant civil action. These were filed on December 18, 2000; December 12, 2001; May 7, 2002; July 18, 2002; and August 21, 2002. [P.Ex.[7] 2-6] Each of these complaints address separate and distinct claims, issues, and matters and should have been acknowledged and processed in accordance with the regulations.

Also, Plaintiff disputes Defendant's statement of what Plaintiff alleged, in part because it does not address the overarching claim of a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment. [#1, 1-9]

**29.**    In support of the statement in Par. 28 above in his *Memorandum*, Defendant submitted as Plaintiff's *Individual Complaint of Employment Discrimination* copies

---

[7] P.Ex. refers to Plaintiff Exhibit; D.Ex. to Defendant Exhibit.

of three EEO forms and 54 pages of a document prepared by Plaintiff, presenting this
as if the complaint were being provided in its entirety [#14, D.Ex. 1].

Plaintiff disputes. Defendant has made a material intentional misrepresentation. The five
formal administrative EEO complaints filed by Plaintiff that are the subjects of this civil action
[P.Ex. 2-6] should have been submitted by Defendant in their entirety.

    **30.**    Under the *Civil Complaint* section of his *Memorandum*, Defendant presents
statements of Plaintiff's claims and includes a 19-item list, stating *Plaintiff's
allegations in her civil suit include....* [Pgs. 4-5]

Plaintiff disputes. Plaintiff claims that Defendant mischaracterizes Plaintiff's claims, issues, and
matters. [#1, 146-182] Ref. also P.Ex. 2-6.

    **31.**    Defendant claims that based on seniority, Plaintiff was assigned the second largest/
windowed GS-14 office based on the drawing and the general location of her
Directorate.

Plaintiff disputes. Plaintiff claims that building blueprints in use at the time of the move would
show not only the size of the offices at issue, but also the placement and number of windows and
the layout of the furniture, all of which made the office assigned to Plaintiff a less professional
office than the office she requested when the offices were still vacant, but which was given to an
employee with less seniority.

11

**32.** Defendant claims that AIGA Freedman did not measure the two offices herself but believed they were comparable.

Plaintiff disputes, noting in part that Freedman had been working in the building for a long period by that time and would have known by simple observation that the offices were in fact not comparable.

**33.** Defendant claims that there were several other employees who were in slightly larger/smaller spaces than commensurate with their grade - some with much more significant differences in space than Plaintiff's....

Plaintiff questions materiality and disputes because Defendant provided no evidence in support of this statement.

**34.** Defendant fails to acknowledge that the individual selected for the position of Deputy Assistant Inspector General (DAIG) for Program Audits under Vacancy Announcement Number OIG-01-009, declined the position; and that Plaintiff, who made the Best Qualified List for this position, was not selected following Savill's declination. Plaintiff expressed concerns regarding preselection of candidates in light of Freedman's comments to the effect that, due to Savill deciding to decline, Freedman would have to *recruit another candidate* for the position (P.Ex. 4, Pgs. 10-11).

12

**35.**  Defendant presents Freedman's interview notes [#14, D.Ex. 6] for this DAIG position as if they captured all that was said during the interviews.

Plaintiff disputes.  Plaintiff also notes that Defendant provided an incomplete copy of the interview notes for Plaintiff.

**36.**  Defendant claims that *plaintiff provided general responses to the questions posed whereas the selectee responded in more specific terms and gave personal accomplishments to illustrate his answers.*

Plaintiff disputes, citing Question 5 as just one example (P.Ex. 1, Lines 38-113)

**37.**  Defendant makes claims regarding Savill's experience, including testifying before Congress.

In the absence of a signed application by Savill, Plaintiff disputes Defendant's claims, given Freedman's perjury in her *Declaration* [#14, D.Ex. 4], as documented at P.Ex. 1.

**38.**  Defendant does not acknowledge that the failure to include Plaintiff on the Best Qualified List under VA# OIG-01-043 was a discriminatory and retaliatory act.

Plaintiff disputes, and asserts that it was a continuation of the long-term pattern and practice by the Department of the Treasury of failure-to-promote, preselection of candidates, promotion of less-qualified candidates, and manipulation of the Merit System Principles.  Plaintiff notes that she had applied and made the Best Qualified List for the position of Deputy Assistant Inspector General for Program Audits under VA# OIG-01-009 a few months before the position was

13

reannounced under VA# OIG-01-043. The requirements for these two Senior Executive Service

(SES) level positions were essentially the same. (P.Ex. 3 at G-2 and P.Ex. 5 at E-2)

Robert Taylor, who was also a Grade 14 employee and who to Plaintiff's understanding is

not a member of her protected groups and who did not make the Best Qualified List under

VA# OIG-01-009 was selected for the position.

---

As mentioned above, this list of material facts that are in dispute is not all-inclusive.

In addition, Plaintiff asserts that full and complete responses to all of Plaintiff's discovery

requests may uncover additional genuine issues of material fact.

In conclusion, there are genuine issues of material fact such that the Court should not grant

Defendant's *Motion*. More of the documentary evidence necessary to resolve these and other

genuine issues of material fact is in the sole control of Defendant and would be uncovered during

discovery. In the absence of documentary evidence, these and other genuine issues of material

fact would be further developed during a jury trial, in large part through testimony from

Defendant's current or former employees and other officials of the United States government.

Respectfully Submitted,

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland  20723
(301) 490-4328

14

## PLAINTIFF EXHIBITS

**P.Ex. 1**    Plaintiff Statement Regarding Defendant's False Statements and Perjury Before the Court, filed on April 17, 2006 (131 total pages, with exhibits listed below)

### Sub-Exhibits

A    Notification of Personnel Action for Plaintiff's promotion to a GM-0511-15 Supervisory Auditor position effective 08/29/99 (1 page)

B    Performance Evaluation of Plaintiff by Freedman, 06/20/00 (6 pages)

C    Notification of Personnel Action for Plaintiff's performance award (cash award) effective 07/17/00 (1 page)

D    Documents for Special Act Award for August 1999 to March 2000 time frame (5 pages)

E    E-mail message of April 12, 2000, regarding processing of Special Act Award (1 page)

F    E-mail message of January 28, 2000, from Freedman indicating that Plaintiff would continue to serve as Acting Director *Finance and Debt* (1 page)

G    E-mail messages from Freedman to Plaintiff praising work (5 pages)

H    E-mail messages from Freedman regarding office moves (4 pages)

I    E-mail message from Plaintiff to Director regarding assignment of office space and furniture (1 page)

J    E-mail message of January 16, 2001, from Plaintiff to Freedman regarding assignment of office space and furniture and filing of twelfth formal administrative EEO complaint  (3 pages)

1

## PLAINTIFF EXHIBITS

P.Ex. 1   Continued.

### Sub-Exhibits

K       Plaintiff's application of November 30, 2001, for Announcement Number OIG-01-044, Supervisory Auditor, GS-511-15 (1-page cover memo plus 51-page application package)

L       Excerpt from Plaintiff's fourteenth formal administrative EEO complaint filed on May 7, 2002 (3 pages)

M       Office of Inspector General Audit Status Report dated 01/01/00 for the PCIE Review of Non-Tax Delinquent Debt (1 page)

N       E-mail message of October 05, 1999, from Plaintiff to Freedman regarding four PCIE/ECIE audit reports (4 pages)

O       E-mail message of September 10, 1999, from Plaintiff to Freedman regarding the PCIE/ECIE Summary audit report (7 pages)

P       E-mail message of September 15, 1999, from Plaintiff to Freedman regarding the PCIE/ECIE Customs audit report (6 pages)

Q       E-mail message of October 05, 1999, from Freedman to Plaintiff regarding PCIE/ECIE audit reports (1 page)

**P.Ex. 2**   Plaintiff's Twelfth Formal Administrative EEO Complaint, Filed on December 18, 2000  (310 pages)

**P.Ex. 3**   Plaintiff's Thirteenth Formal Administrative EEO Complaint, Filed on December 12, 2001  (64 pages)

**P.Ex. 4**   Plaintiff's Fourteenth Formal Administrative EEO Complaint, Filed on May 7, 2002  (39 pages)

## PLAINTIFF EXHIBITS

**P.Ex. 5**     Plaintiff's Fifteenth Formal Administrative EEO Complaint, Filed on July 18, 2002 (47 pages)

**P.Ex. 6**     Plaintiff's Sixteenth Formal Administrative EEO Complaint, Filed on August 21, 2002 (26 pages)

**P.Ex. 7**     Letter dated January 18, 2001, to Lawrence H. Summers, Secretary of the Treasury, from Maria V. Carmona, Complainant, requesting the status of her twelfth formal administrative EEO complaint, filed on December 18, 2000 (1 page)

        Letter dated June 13, 2001, to Paul H. O'Neill, Secretary of the Treasury, from Maria V. Carmona, Complainant, requesting the status of her twelfth formal administrative EEO complaint, filed on December 18, 2000 (1 page)

**P.Ex. 8**     Letter dated June 27, 2001, to Mr. J. Steven Elbell (Plaintiff's designated representative in the EEO process), from EEO Specialist, Department of the Treasury Regional Complaint Center, acknowledging receipt of Plaintiff's twelfth formal administrative EEO complaint, which was filed on December 18, 2000, and assigning it TD Case Number: 01-1155 (2 pages)

**P.Ex. 9**     EEOC Administrative Judge Goode's Order in related case 04cv0589 (JGP) indicating that a plaintiff is not obligated to participate in an investigation after 180 days from the filing of the complaint, February 5, 1999 (2 pages)

**P.Ex. 10**     EEOC Supervisory Administrative Judge Shih's Notice of Hearing Request and Order Directing Agency to Produce Complaint File, Agency No. 01-1155, EEOC No. 100-A2-7098X, July 31, 2001 (1 page)

        Letter dated July 30, 2001, to EEOC Washington Field Office from Maria V. Carmona, Complainant, requesting hearing on TD-01-1155, July 30, 2001 (1 page)

**P.Ex. 11**     Plaintiff Application for consideration under Vacancy Announcement Number OIG-01-009, ES-511, filed April 17, 2001 (1-page cover memo plus 53-page application package)