UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA V. CARMONA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-1194(JGP) |
| ) | |
| JOHN W. SNOW, Secretary of the Treasury, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

An oft-quoted legal standard for purposes of summary disposition of a case is that "[a] party opposing a motion for summary judgment must point to more than just 'a scintilla of evidence' to support [her] position," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Specifically, "there must be evidence on which the jury could reasonably find for the plaintiff." id. at 249-50. Evidence that is "merely colorable" or "not significantly probative" will not defeat a motion for summary judgment. Id. It is this latter type of evidence - for example, immaterial assertions and allegations (e.g., unsupported accusations of perjury), personal opinion, supposition and conclusory statements - upon which plaintiff exclusively relies in her opposition memorandum. Given the legal insufficiency and immateriality of plaintiff's "evidence" and argument, summary judgment should be granted to defendant.

**ARGUMENT**

I.  **This Suit Should Be Dismissed in Entirety or Summary Judgment Granted in Defendant's Favor Because of Plaintiff's Failure to Cooperate During the EEO Investigation.**

In responding to defendant's argument that plaintiff failed to exhaust her administrative remedies because she did not cooperate with the EEO investigation into her complaint, see 29

C.F.R. § 1614.108(a), plaintiff simply opines that she provided sufficient detail of her allegations in her administrative EEO complaint making cooperation with the EEO investigator unnecessary, expresses dissatisfaction with the Agency for not completing its investigation within 180 days of the filing of her administrative complaint, and asserts that the administrative judge did not request any additional information on her claims.  See Pl.'s Response Def.'s Mem. P.&A. in Support of Def.'s Mot. Dismiss or Summ. J., at 3-4 and 8.  However, none of these assertions addresses or undermines defendant's argument that plaintiff, in fact, failed to cooperate during the administrative investigation into her complaint.

Of course, one purpose of the exhaustion doctrine is to prevent a claimant, like plaintiff, from frustrating the proper workings of the EEO administrative process and then "burdening the courts."  Wilson v. Pena, 79 F.3d 154, 164-165 (D.C. Cir. 1996); Barnes v. Leavitt, 118 F.3d 404, 409 (5th Cir. 1997)("...it is well established that, notwithstanding the passage of 180 days, plaintiffs who resort to the administrative process but do not cooperate in the proceedings can thereby fail to exhaust their administrative remedies.")(citation omitted).  Given that plaintiff failed to cooperate with the EEO investigation which she does not deny, summary judgment should be granted to defendant and this suit dismissed in its entirety.

II. **Plaintiff's Opinion of Her Skills and Personal Dissatisfaction with the Selecting Official's Assessment of Those Skills Is Immaterial for Purposes of Defeating Defendant's Motion for Summary Judgment on Plaintiff's Non-Selection Claims.**

As for the non-selection claims, plaintiff's argument essentially focuses on her dissatisfaction with the supervisor/selection official's assessment of plaintiff's skills.  For example, plaintiff points to a performance rating of "acceptable," a team award, and the supervisor's positive comments on plaintiff's work on specific projects presumably to show that

she was qualified for, and should have received, the higher graded GS-15/Senior Executive Service positions. See, e.g. Pl.'s Statement Regarding Def.'s False Statements and Perjury Before the Court, 58 to 113. However, these points are immaterial, and thus wholly unsatisfactory, for purposes of raising a genuine issue in dispute to defeat summary judgment in defendant's favor. As an initial matter, plaintiff's opinion of her promotion potential is legally insignificant.[1] See Waterhouse v. District of Columbia, 124 F.Supp.2d 1, 4 (D.D.C. 2000)(Plaintiff's self-serving statements as to his or her competence or superior performance do not serve to raise material issues of fact.)   Second, the supervisor's favorable opinion of plaintiff's work on certain projects which plaintiff completed as a GS-14 and plaintiff's acceptable performance appraisals are simply not material facts for purposes of undermining the propriety of granting defendant's motion on plaintiff's claims based on non-selection for GS-15 and SES positions. See, e.g. Jackson v. Gonzales, No.Civ.A. 03-1596(RBW), 2005 WL 3371041, *12, n.17 (D.D.C. Dec. 12,

---

[1] Plaintiff also alleges that defendant "provided no documentary evidence of who where the recommending and selecting officials for the position of DAIG for Program Audit under Vacancy Announcement Number OIG-01-009." Pl.'s Response Def.'s Mem. P.&A. in Support of Def.'s Mot. Dismiss or Summ. J., at 17.  This is untrue.  Marla A. Freedman, Assistant Inspector General for Audit, Office of Inspector General, was the recommending official for this position, and provided a declaration detailing her business reasons for recommending Barry Savill for the position.  See R. 20, Motion for Leave to File Declarations in Support of Defendant's Motion to Dismiss or for Summary Judgment (Declaration of Marla A. Freedman, Oct. 14, 2005 (attached thereto)).  Ms. Freedman additionally stated that the Inspector General was the selecting official for the position. See id., Freedman Decl. ¶ 1.
   Plaintiff also appears to aver that because she made the best qualified list for Vacancy No. OIG-01-009, she should have similarly made the best qualified list for Vacancy No. OIG-01-043. Pl.'s Response Def.'s Mem. P.&A. in Support of Def.'s Mot. Dismiss or Summ. J., at 23. However, Ms. Freedman was the recommending official for the former position, and an Executive Resources Board ("ERB") served as the recommending body for the latter position. See Def.'s Mot. Dismiss or for Summ. J., Ex. 4, Declaration of Marla A. Freedman, pp. 4 -6 and Ex. 7).  Although the ERB gave plaintiff a relatively high score (i.e., 94 out of 100), the ERB evidently viewed other candidates more favorably and recommended those candidates for further consideration.  Id., Ex. 7.  Plaintiff has not provided  a scintilla of  evidence that the ERB's decision was motivated by an unlawful discriminatory or retaliatory animus.

2005), quoting, Forman v. Small, 271 F.3d 285, 291-93 (D.C.Cir. 2001)("noting that although there was no dispute that the employee was 'highly praised'for his performance in his current position and 'generally qualified for promotion,' these factors were insufficient to establish discrimination in the absence of evidence showing that the employer's explanation for the employee's non-promotion was not a pretext"). Third, to the extent that plaintiff is inviting the Court to provide a quasi appellate review of plaintiff's and the selectees' qualifications, the Court should decline the offer.² The Courts have already established that they will not serve as a "super-personnel department" for purposes of reexamining an entity's business decision.

---

²In this regard, for example, plaintiff takes issue with the selecting official's favorable consideration of one candidate's direct prior work experience for a departmental law enforcement bureau. Pl.'s Statement Regarding Def.'s False Statements and Perjury Before the Court, 194 to 196. In comparison, plaintiff offers up her experience dealing with law enforcement bureaus. Id. 197 to 209. Plaintiff also points out what she perceives as deficiencies in one project on which the selectee allegedly worked. Id. at 227 to 279. However, as indicated infra, plaintiff's "quibbling" about her qualifications compared to the selectees simply misses the point. Vasilevsky v. Reno, 31 F.Supp.2d 143, 150(D.D.C. 1998)("Plaintiff's argument with respect to the comparison of her qualifications with those of the selected candidates truly misses the point. It is the plaintiff's duty to put forth evidence of discrimination not to 'quibble about the candidates' relative qualifications.'")(citation omitted).

Additionally, plaintiff's reliance on hearsay, speculation, and innuendo to imply "preselection" is also immaterial for purposes of defeating defendant's motion. See Pl.'s Response to Def.'s Mem. P.&A. in Support of Def.'s Mot. Dismiss or Summ. J., at 13; Pl.'s Statement Regarding Def.'s False Statements and Perjury Before the Court, 210 to 220; see also Garrett v. Lujan, 799 F.Supp. 198, 200 (D.D.C. 1992) (hearsay evidence insufficient to defeat motion for summary judgment); Carney v. American Univ., 960 F.Supp. 436, 439 (D.D.C.1997) (quoting Grigsby v. Reynolds Metals Co., 821 F.2d 590, 597 (11th Cir.1987)), aff'd in part, rev'd in part, 151 F.3d 1090 (D.C.Cir.1998)("[N]either the nonmovant's conjecture and surmise nor mere 'conclusory allegations of discrimination, without more' are sufficient to defeat a motion for summary judgment."); Campbell-El v. District of Columbia, 874 F.Supp. 403, 407 (D.D.C. 1994)("Beliefs are not fact", and a plaintiff, to defeat a defendant's motion for summary judgment, must assert facts.); Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2nd Cir. 1995)("[A] party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.")(citation omitted). Besides, preselection, absent an unlawful animus, simply does not violate Title VII. Murray v. Browner, No. Civ. A. 94-2173 JHG, 1996 WL 383304, *9 (D.D.C. June 27, 1996).

Holcomb v. Powell, 433 F.3d 889, 897 (D.C Cir. 2006), citing, Barbour v. Browner, 181 F.3d 1342, 1346 (D.C. Cir. 1999), quoting, Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986).

Ultimately, plaintiff fails to raise a material fact as to which there is genuine dispute for purposes of defeating defendant's motion on her non-selection claims, and thus, summary judgment should be granted in defendant's favor.

### III. Plaintiff's Allegations Regarding Discovery Are Immaterial.

Plaintiff, in her opposition memorandum, claims that defendant failed to adequately respond to plaintiff's discovery requests in another civil suit filed by plaintiff, i.e., Carmona v. Snow, Civil Action No. 04-0589(JGP). See Pl.'s Op. to Def.'s Mot. Dismiss or Summ. J., at 1, n.1; see also Pl.'s Statement Regarding Def.'s False Statements and Perjury Before the Court, 86 to 88. However, the adequacy of defendant's discovery response in Civil Action No. 04-0589(JGP) is not material for purposes of resolving the merits of this case; nor is an opposition memorandum the appropriate mechanism through which to challenge a discovery response.

Specifically, if plaintiff had concerns regarding defendant's discovery response in this case, she should have informed defendant and the Court of such during the discovery period. See Fed. R. Civ. P. 37(a)("A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery...") Indeed, because plaintiff failed to challenge defendant's discovery response in a timely manner consistent with Rule 37(a) of the Federal Rules of Civil Procedure, the post-discovery allegations in her opposition memorandum are inappropriate. Cf. Brill v. Lante Corp., 119 F.3d 1266, 1269, 1275 (7th Cir.1997) (The Seventh Circuit held that the district court did not abuse its discretion in entering summary judgment for defendant, despite the defendant's alleged lack of response to plaintiff's

5

discovery requests, where plaintiff filed motion to compel three months after close of discovery and three weeks after motion for summary judgment was filed.)

IV.   **Plaintiff's Request to Re-open Civil Action No. 01-0115(CKK) is Immaterial to Disposition of this Suit.**

As in her case, Civil Action No. 04-0589(JGP), plaintiff again requests that this Court reopen Carmona v. O'Neill, Civil Action No. 01-0115(CKK) notwithstanding dismissal of that suit by this Court, affirmance of that decision by the U.S. Court of Appeals for the District of Columbia Circuit and denial of *certiorari* by the Supreme Court.  See Pl.'s Response Def.'s Mem. P.&A. in Support of Def.'s Mot. Dismiss or Summ. J., at 24.  Not only is plaintiff's request to reopen her prior suit immaterial for purposes of disposition of defendant's motion for summary judgment, her request clearly is barred by the doctrine of issue preclusion.  See Burlington Resources Oil & Gas Co. v. United States Dep't of the Interior, 21 F.Supp.2d 1, 3 (D.D.C. 1998); see also Levitt v. University of Texas, 847 F.2d 221 (5th Cir. 1988)(Fifth Circuit upheld district court decision dismissing second discrimination case on grounds of issue preclusion notwithstanding plaintiff-appellant's argument that he was denied due process in a prior suit raising similar claims.)

## CONCLUSION

For reasons stated in defendant's Motion to Dismiss or for Summary Judgment (including the exhibits attached thereto and the supporting declarations filed on November 3, 2005), and herein, defendant respectfully requests judgment in his favor and dismissal of this suit with prejudice.[3]

---

[3] Plaintiff's arguments related to her claims based on conspiracy (see, e.g. Pl.'s Response Def.'s Mem. P.&A. in Support of Def.'s Mot. Dismiss or Summ. J., at 30) and her office space (id. at 32) are completely without merit and are not discussed herein.  These claims should be dismissed for reasons stated in defendant's Motion.

Respectfully Submitted,


/s/ Kenneth L. Wainstein /dch
_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney



/s/ Rudolph Contreras /dch
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney



/s/ Beverly M. Russell
_____
| | |
|---|---|
| Of Counsel: | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Cynthia Langwiser, Esq. | Assistant United States Attorney |
| U.S. Department of the Treasury | U.S. Attorney's Office for the District of Columbia |
| | 555 4th Street, N.W., Rm. E-4915 |
| | Washington, D.C.  20530 |
| | Ph: (202) 307-0492 |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or for Summary Judgment* was made by the Court's Electronic Case Filing System and by first class, postage prepaid mail, this 15th day of June, 2006 to:

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney