UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA V. CARMONA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 05-1194 (JGP) |
| | ) |
| **JOHN W. SNOW,** | ) |
| **Secretary of the Treasury,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

In the interest of promoting and preserving "substantial justice[,]" Fed. R. Civ. P. 8(f), the following is hereby

**ORDERED**:

1. The **Motion to Dismiss or for Summary Judgment [#14]** is held in abeyance.

2. With respect to her claim that she was improperly denied the position of Deputy Assistant Inspector General for Program Audits under Vacancy Announcement Number OIG-01-043, plaintiff shall provide to the Court a description of the *nature of the position and its requirements*, and evidence, if any, that she was *qualified for the position*.[1]

3. Plaintiff's submission shall be in a form consistent with the framework for analyzing Title VII claims established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411

---

[1] It is not necessary for plaintiff to provide information regarding the positions Deputy Assistant Inspector General for Program Audits under Vacancy Announcement Number OIG-01-009, or Supervisory Auditor under Vacancy Announcement Number OIG-01-044.

U.S. 792, 93 S. Ct. 1817 (1973).[2]

    4.  Plaintiff's submission shall *not exceed* seven pages, and shall *not* include attachments, if any, which exceed seven pages.

    5.  Plaintiff's submission shall be filed on or before November 8, 2006.

**SO ORDERED**.

**Date: October 25, 2006**                                         **JOHN GARRETT PENN**
                                                                                             **United States District Judge**

---

    [2] In *McDonnell Douglas*, the Supreme Court set forth the framework for establishing a *prima facie* case under Title VII.  To withstand a Motion for summary judgment under this framework, a plaintiff must establish that "she is a member of the class protected by the statute; [] she suffered an adverse employment action; [and] she was qualified for the position at issue [but] . . . treated less favorably than others not in the protected class." *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998) (citations omitted).  "[I]f the plaintiff succeeds in [establishing] the *prima facie* case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093 (1981) (citation and internal quotation marks omitted).  And if defendant meets this burden, plaintiff must demonstrate that defendant's proffered reason is a pretext for discrimination. *Id*.  Despite this burden-shifting between the parties, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id*. (citations omitted).